J-S68005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM C. LONGO, | |
| Appellant | No. 1032 WDA 2015 |

Appeal from the Judgment of Sentence June 8, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0005635-2009, CP-02-CR-0005696-2009

BEFORE: SHOGAN, SOLANO, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.: **FILED NOVEMBER 18, 2016**

Appellant, William C. Longo, appeals from the judgment of sentence entered on June 8, 2015, following the revocation of his probation. We affirm.

The trial court set forth the relevant facts and procedural background of this matter as follows:

> [Appellant] was charged at CC 200905635 with Theft by Unlawful Taking-Movable Property, Receiving Stolen Property and Access Device Fraud[;] and at CC 200905696 with Forgery, Access Device Fraud, Receiving Stolen Property and Criminal Conspiracy. He appeared before this [c]ourt on October 27, 2009 and entered a general plea of guilty to all charges. He was sentenced to a term of imprisonment of nine (9) to 18 months at the Forgery charge and paroled forthwith. He was also

---

[*] Retired Senior Judge assigned to the Superior Court.

sentenced to two (2) consecutive terms of probation of two (2) years each. No Post-Sentence Motions were filed and no direct appeal was taken.

[Appellant] next appeared before this [c]ourt on August 28, 2012 for a probation violation hearing. Upon finding that [Appellant] was a convicted violator, this [c]ourt revoked the previous terms of probation and re-imposed an additional two (2) year term of probation. Again, no Post-Sentence Motions were filed and no direct appeal was taken.

[Appellant] again appeared before this [c]ourt on July 6, 2015 [sic][1] for a probation violation hearing. Upon finding that [Appellant] was a convicted violator and was also in total technical noncompliance, this [c]ourt revoked the previous term of probation and imposed consecutive terms of imprisonment of three and one half (3 1/2) to seven (7) years at CC200905635 and 33 months to 66 months at CC200905696.

Trial Court Opinion, 1/20/16, at 1–2 (footnotes omitted).[2]

Appellant filed a notice of appeal on July 2, 2015. The trial court initially directed Appellant to comply with Pa.R.A.P. 1925 by August 28, 2015, but, upon Appellant's motion, it extended compliance to October 15, 2015. Both Appellant and the trial court complied with Rule 1925.

Appellant raises the following issues on appeal:

I. Whether the revocation sentences imposed at CC 200905635 and CC 200905696 were manifestly excessive,

_____

[1] The trial court erroneously refers to the date of probation revocation and sentencing as July 6, 2015. The correct date was June 8, 2015.

[2] On June 18, 2015, Appellant filed a motion to reconsider sentence, which the trial court granted in part on July 6, 2015, correcting the sentence imposed at CC200905696 from three and one-half to seven years imposed on June 8, 2015, to thirty-three to sixty-six months, retroactive to June 8, 2015.

unreasonable, and an abuse of discretion where the trial court failed to consider the personal history, character and rehabilitative needs of [Appellant] as required by 42 Pa.C.S.A § 9721(B) and 42 Pa.C.S.A. § 9725?

II.   Whether the trial court relied upon misinformation and/or incorrect facts in resentencing [Appellant] at CC 200905635 and CC 200905696?

Appellant's Brief at 5.

Appellant argues that his sentence was excessive and that the sentencing court failed to consider his personal history, character, and rehabilitative needs. These issues are challenges to the discretionary aspects of Appellant's sentence. ***Commonwealth v. Malovich***, 903 A.2d 1247 (Pa. Super. 2006); ***Commonwealth v. Lutes***, 793 A.2d 949 (Pa. Super. 2002).

As this Court clarified in ***Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa. Super. 2013), our scope of review following the revocation of probation is not limited solely to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Rather, it also includes challenges to the discretionary aspects of the sentence imposed. Specifically, we unequivocally held that "this Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." ***Id***. at 1034. Further, as we have long held, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse

- 3 -

of that discretion, will not be disturbed on appeal. ***Commonwealth v. Sierra***, 752 A.2d 910, 913 (Pa. Super. 2000).

It is well settled that there is no absolute right to appeal the discretionary aspects of a sentence. ***Commonwealth v. Hartle***, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 163 (Pa. Super. 2007).

To effectuate this Court's jurisdiction when challenging the discretionary aspects of a sentence, Appellant must satisfy a four-part test by (1) preserving the issue in the court below, (2) filing a timely notice of appeal, (3) including a Pa.R.A.P. 2119(f) statement in his appellate brief, and (4) raising a substantial question for our review. ***Commonwealth v. Spenny***, 128 A.3d 234, 241 (Pa. Super. 2015) (quoting ***Commonwealth v. Tejada***, 107 A.3d 788, 797 (Pa. Super. 2015), *appeal denied*, 119 A.3d 351 (Pa. 2015)).

Applying the four-part analysis to the instant case, we find that Appellant (1) preserved the issue; (2) timely filed his notice of appeal; and (3) complied with Pa.R.A.P. 2119(f) by including in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. Appellant's Brief at 18–24. Acknowledging that "the determination of what constitutes a substantial

question must be evaluated on a case-by-case basis," ***Commonwealth v. Johnson***, 125 A.3d 822, 826 (Pa. Super. 2015), we note that this Court has held that an excessiveness claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question. ***See***, ***e.g.***, ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014) (within excessiveness claim, substantial question is raised when the appellant sufficiently articulates the manner in which the sentence violates either a specific provision of the Sentencing Code or a particular fundamental norm underlying the sentencing process). Therefore, we proceed to address the merits of Appellant's issues.

In his first issue, Appellant asserts that the trial court failed to consider any of the assessments and evaluations provided by the State Intermediate Punishment Program. Appellant's Brief at 31. Appellant contends, instead, the trial court focused exclusively on the "length and volume" of Appellant's criminal history. ***Id***. Appellant also suggests that he exhibited motivation for lifestyle change, had shown himself to be a responsible worker while confined in jail, and now had the requisite family support from his girlfriend and infant son "to turn his life around." ***Id***. at 33. Thus, he argues that his sentence was excessive.

Prior to imposing sentence upon revocation of probation, the trial court stated as follows:

> First off, the 16 months that you've been drug free, I cannot really give you a lot of credit since you've been incarcerated

- 5 -

during those months, although I do understand it is sometimes possible to get drugs while you're incarcerated.

You're totally, and have been since 2004, technically non-compliant. You don't report, you don't make any efforts to pay into the court cases, you don't give samples of urine.

In 2009 I had you on four cases. I revoked your probation, and I gave you a new term of probation, and within one month, one month of that, you acquired new charges.

I've had you on regular supervision. I've given you JRS plans to help you with your rehabilitation. I had you on house arrest. You are now a convicted violator for three or four cases in front of Judge Lazzara.

Judge Cashman has you on 15 violations. Today right now you have 26 active probations.

You win. You've worn me down. I don't think anybody's going to help you.

I thought an interesting side note, that you went out, spent money on pornography when you were in placement.

* * *

Prior incarceration did no good. I've seen no evidence of rehabilitation. And if you look over your crimes, there are some crimes of greed and not need.

N.T., 6/8/15, at 9–10, 11.

In **Commonwealth v. Pasture**, 107 A.3d 21 (Pa. 2014), the Pennsylvania Supreme Court reversed our misapplication of sentencing provisions when we vacated the common pleas court's imposition of the judgment of sentence following revocation of probation therein. Our High Court explained that we had given insufficient deference to the revocation court's imposition of the sentence following the revocation of probation, and

it reinstated Mr. Pasture's judgment of sentence. The Court explained that in initial sentencing proceedings, a trial court has broad discretion in sentencing a defendant, and concomitantly, "the appellate courts utilize a deferential standard of appellate review in determining whether the trial court abused its discretion in fashioning an appropriate sentence." *Id*. at 27. In particular, the Supreme Court noted that a sentencing court enjoys "an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed." *Id*. (quoting *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007)). The *Pasture* Court expanded on its view of institutional advantage, as follows:

> The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant reappears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721. *See Commonwealth v. Reaves*, 592 Pa. 134, 150, 923 A.2d 1119, 1129 (2007) (citing 204 Pa. Code. § 303.1(b) (Sentencing Guidelines do not apply to sentences imposed as result of revocation of probation)).

Upon revoking probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

* * *

[F]ollowing revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. **Simply put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing**. **The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where, as here, the trial judge had the benefit of a PSI during the initial sentencing proceedings.** *See Walls*, 592 Pa. at 574 n. 7, 926 A.2d at 967 n. 7 ("Where PSI exists, we shall continue to presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.").

* * *

- 8 -

In point of fact, where the revocation sentence was adequately considered and sufficiently explained on the record by the revocation judge, in light of the judge's experience with the defendant and awareness of the circumstances of the probation violation, under the appropriate deferential standard of review, the sentence, if within the statutory bounds, is peculiarly within the judge's discretion.

*Pasture*, 107 A.3d at 27–29 (footnotes omitted) (emphasis added).

Herein, the trial court apparently was aware of more information than defense counsel, as it possessed the most recent PSI, which was dated August 15, 2014. N.T., 6/8/15, at 2. The court advised defense counsel that it had reviewed the report; counsel admitted that she was not aware of any PSI reports. *Id*. at 3. The trial court then offered to give defense counsel a copy of the report. *Id*. Thus, we can presume that the trial court was "aware of the relevant information regarding [Appellant's] character and weighed those considerations along with mitigating statutory factors." *Pasture*, 107 A.3d at 28.

Furthermore, Appellant's parole officer, Kenneth Walls, testified that Appellant was "non-compliant with just about everything in terms of the conditions of community supervision." N.T., 6/8/15, at 2. In his two cases, Appellant owed over $3,700 in restitution; Appellant last made a payment in the amount of $10.00 on April 12, 2012, in one case, and $50.00 on August 23, 2010, in the other. *Id*.

Defense counsel explained to the court that Appellant had been evaluated for the Pennsylvania Intermediate Punishment Program ("IP") on

January 5, 2015, and was found "to be appropriate." N.T., 6/8/15, at 5, 6. Counsel apprised the court that Appellant had been a long-time drug user but presently was clean and sober. *Id*. at 6. Counsel described all of the tests and scales utilized in assessing Appellant for the IP program. The court also listened to Appellant's own proffer regarding his past and present rehabilitative needs.

The record reveals that the trial court possessed a multitude of information relevant to Appellant. Considering the record as a whole, we conclude that the court rendered a meaningful consideration of all of the factors bearing upon Appellant's sentencing, and we reject Appellant's claim. *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa. Super. 2003) (record as a whole must reflect court's meaningful consideration of sentencing factors).

Appellant's second issue asserts that the trial court relied upon misinformation and/or incorrect facts in resentencing him. This claim is based on the court's comment, "And in my heart I know you have committed other offenses for which you were not arrested, which people did not report you with." N.T., 6/8/15, at 10–11. In support of this claim, Appellant cites multiple cases, all of which are distinguishable. For example, in *Commonwealth v. Sypin*, 491 A.2d 1371 (Pa. Super. 1985), the sentencing court suggested men like the appellant were responsible for children's disappearances and deaths, but he was not charged in connection

with the disappearance or death of any child. *Id*. at 1372. The *Sypin* Court, however, noted the fact that the sentencing judge therein failed to consider the appellant's history of mental illness. *Id*. at 1375. Most importantly, *Sypin*, and the other cases cited by Appellant, involved matters regarding the application of Sentencing Guidelines, a consideration not present herein.

That is not to say that a sentencing court may rely upon an impermissible factor in sentencing. It has long been clear that a sentence is invalid if it appears from the record that the sentencing court relied on an impermissible consideration. *See e.g.*, *Commonwealth v. Bethea*, 379 A.2d 102 (Pa. 1977) (sentence invalid **if it appears from the record** that the trial court relied in whole or in part upon impermissible factor). That concern is not present in the instant case. The instant trial court's comment was made merely in passing, in response to Appellant's denial regarding his purchase of pornography while he was in placement. N.T., 6/8/15, at 10.

A review of the record indicates the court did not rely on an impermissible factor in sentencing Appellant. The court correctly considered the record as a whole, including Appellant's history while on probation, Appellant's character, and the circumstances surrounding Appellant's most recent probation violation. The court concluded that incarceration for the specified time was appropriate because Appellant's conduct indicated he was likely to continue in the path he had chosen over a period of years, despite

the court's past grants of leniency. The record adequately supports the court's decision. Accordingly, there is no reason to disturb the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/2016