406 A.2d 573

**COMMONWEALTH of Pennsylvania**

**v.**

**Theodore SCHWARTZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Decided June 15, 1979.

Peter F. Rogers, Abington, for appellant.

Eric J. Cox, Assistant District Attorney, Chief, Appeals Division, Norristown, for Commonwealth, appellee.

Before CERCONE, HESTER and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from judgment of sentence imposed after conviction of theft by deception,[1] three counts of bad

1.  18 Pa.C.S.A. § 3922.

checks,[2] and two counts of conspiracy.[3] Appellant now contends, inter alia,[4] that the sentencing judge erred in not disqualifying himself after stating that he was going to rely on a television program concerning appellant in sentencing him. We vacate the judgments of sentence and remand for resentencing.

At appellant's sentencing hearing, the judge below made the following remarks: "I have also heard something about him through, I think, Mr. Schwartz appeared on television on some program, I don't know how long ago it was, so I heard considerable about him, and therefore I feel it unnecessary to have a pre-sentence investigation and I am ready to sentence." 4/22/77 N.T. p. 7. In his opinion, however, the judge below stated that, while some court officer mentioned appellant's appearance in a television program during the sentencing hearing, the judge himself had neither seen nor heard of the program before that time.

"A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned . . . ." Code of Judicial Conduct, Canon 3–C(1)(a). The opinion written by the court below is not part of the record

2. 18 Pa.C.S.A. § 4105.

3. 18 Pa.C.S.A. § 903.

4. Appellant also raises the following contentions, all of which we find to be without merit: (1) the evidence was insufficient to prove conspiracy; (2) the lower court should have declared a mistrial when the Commonwealth introduced allegedly exculpatory evidence which had been withheld from the defense; (3) trial counsel was ineffective for failing to suppress a sales receipt allegedly not specified on the search warrant; (4) trial counsel was ineffective in failing to request a continuance to subpoena a certain witness whose testimony might show that the checks given by appellant were post-dated; (5) trial counsel was ineffective for failing to quash the information on one count of bad checks because the information revealed that the check was post-dated; (6) the court below should have sustained appellant's demurrer to the charges of bad checks because the Commonwealth allegedly failed to prove that the checks were not post-dated; and (7) the court below erred in not allowing appellant to have different counsel than his co-defendant at trial, his wife Beverly Malen Schwartz.

in a given case. *In the Interest of Carroll*, 260 Pa.Super. 23, 27, 393 A.2d 993, 995 (1978). We are of the opinion that the statement by the judge below at sentencing reasonably allows his impartiality to be questioned, and thus we remand for resentencing. Because we are bound by the record, and not by the statements of the judge appearing in his opinion, on remand the judge should state explicitly on the record whether he saw a television program concerning the appellant or was otherwise exposed to off-the-record information concerning appellant.

■ If the judge below was not exposed to any such information about the appellant, then sentencing may proceed as of course.[5]

■ If the judge did see a television program about appellant, then the judge should consider whether he should disqualify himself and have another judge sentence appellant. *See* Pa.R.Crim.P. 1401(a). If he decides to proceed, he must state on the record why his impartiality could not reasonably be called into question, and he must not in any event rely upon such unverified hearsay outside of the record in imposing judgment of sentence. *See Commonwealth v. Cruz*, 265 Pa.Super. 474, 402 A.2d 536 (1979).

Judgment of sentence vacated and case remanded for resentencing in accordance with this opinion.

CERCONE, President Judge, dissents.

5. Because a remand is necessary we feel constrained to point out that at the sentencing hearing, the court below wholly failed to articulate any reasons in support of the sentence imposed. *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977). Also, we note that the court failed to place on the record any reasons for dispensing with a pre-sentence report. Pa.R.Crim.P. 1403–A(2)(a). To prevent further appeals, both of these errors should be corrected on remand.