452 A.2d 528

**COMMONWEALTH of Pennsylvania**

**v.**

**Bernard KARASH, Appellant.**

Superior Court of Pennsylvania.

Submitted May 5, 1982.

Filed Nov. 5, 1982.

Patrick J. Flannery, Wilkes-Barre, for appellant.

Chester B. Muroski, District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before SPAETH, ROWLEY and CIRILLO, JJ.

SPAETH, Judge:

This is an appeal from a judgment of sentence for burglary entered pursuant to a guilty plea. Appellant was sentenced under the Youthful Offender's Act to the State Correctional Institution at Camp Hill for an indefinite minimum term and a maximum term of five years. He argues that his sentence is invalid because the lower court considered television and newspaper stories that after his guilty plea, he had escaped. Appellant says that the court should not have considered the stories because he had not yet been tried for and convicted of escape. We agree, and therefore vacate the sentence and remand for resentencing.

■ A sentence is invalid if the record discloses that the sentencing court may have relied in whole or in part upon an impermissible consideration. *Commonwealth v. Bethea,* 474

Pa. 571, 379 A.2d 102 (1977); *Commonwealth v. Schwartz,* 275 Pa.Superior Ct. 112, 418 A.2d 637 (1980); *Commonwealth v. Schwartz,* 267 Pa.Superior Ct. 170, 406 A.2d 573 (1979); *Commonwealth v. Cruz,* 265 Pa.Superior Ct. 474, 402 A.2d 536 (1979). This is so because the court violates the defendant's right to due process if, in deciding upon the sentence, it considers unreliable information, *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) (sentence based on three convictions, two of which were unconstitutional); *Commonwealth v. Schwartz,* 275 Pa.Superior Ct. 112, 418 A.2d 637 (1980) (*ex parte* communication from police that defendant was major drug dealer); *Commonwealth v. Cruz, supra* (testimony from detective that defendant was major drug dealer), or information affecting the court's impartiality, *Commonwealth v. Schwartz,* 267 Pa.Superior Ct. 170, 406 A.2d 573 (1979) (judge "heard something about" defendant on television), or information that it is otherwise unfair to hold against the defendant, *Commonwealth v. Bethea, supra* (court considered fact that defendant had chosen jury trial).

■ Here the record discloses that in deciding upon the sentence, the lower court considered television and newspaper stories that after the guilty plea, on which he was being sentenced, appellant had escaped. At the sentencing hearing, the court said:

THE COURT: I'm further required to advise you the reason the Court has imposed the total incarceration and that is based upon the crime that was committed warrants incarceration. You are definitely in need of rehabilitation because of the crimes committed here and the crimes committed in New Jersey of which you've been convicted and sentenced on and there's a definite need for incarceration. *I've also taken into consideration the crimes that you have committed in Pennsylvania since the time that you returned here which show a lack of rehabilitation or learning on your part that the law must be complied with. This specifically, I guess, will be the escape and I believe the information that you took a vehicle during the course*

*of that escape to ride around in.   The Court feels, while I'm not sentencing you for those crimes, they have been part of the Court's consideration in imposing this sentence which the Court has just imposed.*   Again, there is a need for punishment for your criminal career and also a definite need of rehabilitation which you have not seemed to have grasped to date.

N.T. 8/17/81, 8–9 (emphasis added).

At the hearing on appellant's petition to modify the sentence, the court further explained:

THE COURT: Okay.  So the record reflects, I don't know whether it's in there or not, but the matter of Mr. Karash's incident was on all of the local television channels and in all the local newspapers.  It was the only source of the Court's information, and actually showed pictures of Mr. Karash being apprehended in handcuffs at the scene, and the Court was aware that he was supposed to be in jail awaiting sentence and not to be out.

And if the Court didn't say—didn't acknowledge that it had knowledge of those incidents, I think would be improper, not to acknowledge that the Court was aware of it.

N.T. 10/16/81, 14.

The lower court was correct in disclosing its knowledge of the television and newspaper stories.  *Commonwealth v. Schwartz,* 275 Pa.Superior Ct. 112, 418 A.2d 637 (1980).  The court should not have relied upon the television and newspaper stories in deciding upon appellant's sentence.  Appellant had not yet been tried for the escape, and when asked about it before the lower court, he pleaded the fifth amendment. He therefore stood before the court presumably innocent of that crime.  The court nevertheless stated that it "believe[d] the information [in the television and newspaper stories] [that appellant] took a vehicle during the course of that escape to ride around in," and that that belief was "part of the Court's consideration in imposing this sentence."  The court thereby denied appellant's right to the presumption of innocence, and, in sentencing him as though he had been

proved guilty of escape, his right to due process. *Commonwealth v. Schwartz,* 275 Pa.Superior Ct. 112, 418 A.2d 637 (1980); *Commonwealth v. Schwartz,* 267 Pa.Superior Ct. 170, 406 A.2d 573 (1979); *Commonwealth v. Cruz, supra.* In view of this, it is of no consequence that appellant's sentence may have also been based on legitimate considerations. *Commonwealth v. Bethea, supra.*

The judgment of sentence is vacated and the case remanded for resentencing.