J-S85008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRE PACE | : | |
| | : | |
| Appellant | : | No. 393 WDA 2017 |

Appeal from the Judgment of Sentence February 6, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0012497-2013,
CP-02-CR-0012502-2013

BEFORE:  BOWES, J., PANELLA, J., and STABILE, J.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 18, 2018**

Andre Pace appeals from the February 6, 2017 judgment of sentence of two consecutive terms of one to two years imprisonment, which was imposed after remand for re-sentencing following revocation of his probation.  We vacate the judgment of sentence and remand for re-sentencing.

On February 5, 2014, Appellant entered a negotiated guilty plea to two counts of simple assault charged at two criminal informations, and was sentenced to a two-year term of probation to run concurrently at each count.  In addition, Appellant agreed not to have contact with the victim and to complete a batterer's intervention program.  He did not file a post-sentence motion or direct appeal.

On May 14, 2015, Appellant appeared for a probation violation hearing. The violation of probation court ("VOP court") revoked his probation upon finding that Appellant had been convicted of robbery and a number of technical violations. The VOP court subsequently re-sentenced Appellant to two consecutive terms of imprisonment of one to two years on each offense, and gave him credit for time served at the first count. After the court denied Appellant's motion for reconsideration of sentence, he appealed to this Court and raised a discretionary sentencing challenge. We vacated his judgment of sentence and remanded for re-sentencing, finding that the trial court had failed to demonstrate on the record its consideration of the § 9721(b) sentencing criteria or that it had reviewed a pre-sentence investigation report ("PSI"). **Commonwealth v. Pace**, No. 932 WDA 2015 (Pa.Super. Nov. 10, 2016) (unpublished memorandum).

The re-sentencing proceeding occurred on February 6, 2017, and the court imposed the same sentence. Appellant filed a post-sentence motion contending that the sentence imposed was manifestly excessive, unreasonable, and an abuse of discretion. He also alleged that the PSI was incomplete, and consequently, the court failed to consider the sentencing factors set forth in 42 Pa.C.S. § 9721(b), his rehabilitative needs, and extensive mitigation evidence, or place adequate reasons on the record for the sentence imposed. Finally, Appellant maintained that the court considered an improper factor in sentencing, *i.e.*, an arrest for aggravated assault that the Commonwealth withdrew at the magisterial court level.

Appellant filed a notice of appeal on March 8, 2017, and complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the trial court issued its opinion. Appellant presents one question for our review:

> Did the trial court fail to adequately consider and apply all of the relevant sentencing criteria, including [Appellant's] character and rehabilitative needs, the gravity of the offense/violation and the protection of the public when it issued an excessive and unreasonable sentence in violation of 42 Pa.C.S.A. § 9721(b), 42 Pa.C.S.A. § 9725 and 42 Pa.C.S.A. § 9771(c)?

Appellant's brief at 6.

Appellant's claim relates to the discretionary aspects of his probation revocation sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute." **Commonwealth v. Zirkle**, 107 A.3d 127, 132 (Pa.Super. 2014). In order to invoke this Court's jurisdiction, we analyze whether Appellant has met four prerequisites: 1) filed a timely notice of appeal; 2) preserved the issue at sentencing or in a post-sentence motion; 3) filed a Pa.R.A.P. 2119(f) statement in his appellate brief; and 4) demonstrated that there is a substantial question that his sentence is inappropriate under the Sentencing Code. **See Commonwealth v. Moury**, 992 A.2d 162 (Pa.Super. 2010).

Herein, Appellant filed a timely appeal, preserved the issue in a timely-filed post-sentence motion, included a Pa.R.A.P. 2119(f) statement in his brief, and made plausible arguments that his claims raised three substantial questions. Specifically, he alleges that his probation revocation sentence

was excessive and unreasonable, and did not take into consideration the protection of the public, the gravity of the offense, and his rehabilitative needs. Secondly, he argues that the trial court did not place adequate reasons on the record for the sentence it imposed. He further asserts that the PSI was inadequate to apprise the court of Appellant's circumstances, and the court failed to consider his character or the § 9721(b) sentencing factors. Finally, Appellant alleges that the trial court improperly relied upon a new charge upon which he had not yet been arraigned, and which was subsequently withdrawn, an improper consideration under *Commonwealth v. Karash*, 452 A.2d 528, 529 (Pa.Super. 1982). Appellant's brief at 14-18. We find that Appellant has complied with the requirements for merits review of his discretionary sentencing claim.

The law is well settled that the imposition of sentence after the revocation of probation is vested within the trial court's sound discretion. *Commonwealth v. Booze*, 952 A.2d 1263 (Pa.Super. 2008). Absent an abuse of that discretion, we will not disturb it on appeal. The revocation sentence herein involves total confinement. In order to impose such a sentence upon revocation, the court must find any one of the following: that the defendant has been convicted of another crime; that his conduct indicates that he is likely to do so if not imprisoned; or, that "such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c). The court need not refer to the guidelines, but the court must impose a sentence "that is consistent with the protection of the public, the

- 4 -

gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitation needs of the defendant." 42 Pa.C.S. § 9721(b). The court must also disclose in open court the reasons for the sentence. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1040-41 (Pa.Super. 2013). The statement need not be lengthy, but it must reflect the court's consideration of the crime and character of the offender. *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa.Super. 2010).

The record of the re-sentencing proceeding reveals the following. The court acknowledged that Appellant was on parole, having completed his minimum state sentence from its prior revocation sentence. The court stated that it had "ordered, read and considered a pre-sentence report," but that it was "just a list of his prior offenses." N.T., Sentence Revocation Hearing, 2/6/17, at 2. The court invited defense counsel to make additions to the record.

Defense counsel apprised the court that Appellant was paroled after serving two years at SCI Somerset, and that he had completed the mandated batterer's intervention course, and had no misconducts while in prison. While living in the Transitional Housing Unit, Appellant took classes "on relationships, staying on track, [and] living under supervision." *Id*. at 3. Counsel noted that Appellant was still under State supervision on two other matters.

Defense counsel concurred with the court's view of the inadequacy of the PSI, and argued that the report failed to address the § 9721 factors,

which was the impetus for remand. The PSI contained no information regarding Appellant's education, employment history, his family, or medical history. The sentencing court noted that Appellant's mother had not responded to a request for information, but it did invite counsel to present matters of which the court was unaware.

Counsel apprised the court of the following additional information. Appellant was raised by a single mother; his father has been incarcerated throughout his entire life. He shares a home with his mother and grandmother. His grandmother was unable to attend the sentencing due to failing health. Appellant assists in her care and performs chores in her home. Appellant was applying for employment through CareerLinks and Express, but has been working for almost one year with Pittsburgh Recycling Company. He is a high school graduate. Appellant was on state supervision until 2020, which the court interjected was for the robbery he committed that resulted in the probation revocation.

The court stated that, while it had heard about Appellant's circumstances since his sentencing, it had little information regarding his employment and background prior to sentencing. After noting, however, that Appellant had five adjudications for burglary as a juvenile "along with the other misdemeanors," the court stated that it was incorporating the reasons for its prior sentence and imposing the same sentence. *Id*. at 5. The court added that, "it is alleged that you committed a crime within

several days or weeks from being released from the State Correctional Institution." *Id*. at 6. The court then asked Appellant whether he was aware that an arrest was pending for aggravated assault. When Appellant professed to have no knowledge of the charge and asked for details, the court advised him that, after being apprised of his post-sentence rights, he would have to accompany her deputy downstairs.

The Commonwealth concedes, based on the sentencing court and defense counsel's assessment of the PSI, that it did not contain the type of information deemed necessary in ***Commonwealth v. Flowers***, 950 A.2d 330 (Pa.Super. 2008). However, the Commonwealth points out that defense counsel provided considerable background information, and informed the court of Appellant's completion of rehabilitation programs. The Commonwealth also suggests that one could infer from the fact that Appellant was paroled at his minimum that "he had adjusted well." Commonwealth's brief at 17. While acknowledging that the court did not make lengthy remarks, the Commonwealth points out that it did address the facts of the original case, noted that Appellant completed his batterers' program, and commented that Appellant's criminal activity continued.

We conclude that, with the benefit of the information supplied by defense counsel at the re-sentencing proceeding, the record was sufficient to compensate for the deficient PSI and to apprise the court of the relevant information. The court's reasons for the sentence imposed, while brief,

sufficed. However, for the reasons that follow, we find merit in Appellant's contention that the court relied upon an improper factor in imposing sentence, and that re-sentencing is required.

Immediately after imposing sentence, the court referenced an outstanding aggravated assault charge against Appellant. While it is unclear from the sentencing transcript whether the court merely noted the arrest or actually considered it in fashioning its sentence, we find evidence of the latter in the court's Rule 1925(a) opinion. Therein, in support of its statement that it "placed its reasons for imposing sentence on the record," the court reproduced the exchange about the aggravated assault charge. Sentencing Court Opinion, 6/19/17, at 4. Thus, it is apparent from the court's own words that the aggravated assault arrest factored into its sentencing decision. *See Commonwealth v. Rhodes*, 990 A.2d 732, 746 (Pa.Super. 2009) (finding "it is not necessary that an appellate court be convinced that the trial judge court in fact relied upon an erroneous consideration; it is sufficient to render a sentence invalid if it reasonably appears from the record that the trial court relied in whole or in part upon such a factor."). The Commonwealth concedes that the charge was withdrawn at the magisterial level, and we have independently verified that disposition.

In *Karash*, *supra*, this Court vacated the defendant's sentence and remanded for re-sentencing because the sentencing court considered a

charge for which the defendant had been arrested, but not convicted. We held, "[a] sentence is invalid if the record discloses that the sentencing court may have relied in whole or in part upon an impermissible consideration. This is so because the court violates the defendant's right to due process if, in deciding upon the sentence, it considers unreliable information, or information affecting the court's impartiality, or information that it is otherwise unfair to hold against the defendant." **Karash**, **supra** at 528-29; **in accord Rhodes**, **supra**; **Commonwealth v. Downing**, 990 A.2d 788, 793 (Pa.Super. 2010).

Hence, since the sentencing court improperly relied upon an arrest on an aggravated assault charge that was withdrawn in imposing its sentence, we must vacate Appellant's probation revocation sentence and remand for re-sentencing consistent with this memorandum.

Judgment of sentence vacated. Case remanded for re-sentencing. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/18/2018

- 9 -