J-S03007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EMMETT PERKINS, | |
| Appellant | No. 23 EDA 2018 |

Appeal from the Judgment of Sentence Entered April 13, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0007595-2013

BEFORE:  BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED APRIL 09, 2019**

Appellant, Emmett Perkins, appeals *nunc pro tunc* from the judgment of sentence of 3 to 10 years' incarceration, imposed on April 13, 2015, after he pled *nolo contendere* to one count of possession with intent to deliver (PWID). On appeal, Appellant challenges the court's denial of his pre-sentence motion to withdraw his plea, as well as the discretionary aspects of his sentence. After careful review, we affirm.

The facts underlying Appellant's conviction are not pertinent to his present appeal.  The trial court briefly summarized the procedural history of his case, as follows:

> On March 12, 2015, Appellant … entered an open [*nolo contendere*] plea before this Court … to [PWID] … (35 [P.S.] § 780-113(A)(30)).    Sentencing was deferred at Appellant's request.   Both sides waived preparation of a presentence investigation and mental health evaluation.

On April 13, 2015, Appellant was sentenced to 3-10 years['] imprisonment.

A timely motion for reconsideration of sentence was filed on April 22, 2015. The [c]ourt granted a hearing on the motion for reconsideration, which hearing was held on May 8, 2015. The motion for reconsideration was denied that same date.

No notice of appeal was filed following the denial of reconsideration.

On September 4, 2015, Appellant filed a *pro se* petition under the Post[]Conviction Relief Act (PCRA), [42 Pa.C.S. §§ 9541-9546,] seeking reinstatement of his appellate rights.

An amended PCRA petition was filed by appointed counsel on January 11, 2017.

The matter was then scheduled for an evidentiary hearing, but had to be continued several times due to the unavailability of Appellant, who was and remains in federal custody.

On December 1, 2017, the [c]ourt granted the PCRA petition and reinstated Appellant's appellate rights, *nunc pro tunc*.

A timely notice of appeal was filed on December 20, 2017.

Pursuant to Pa.R.A.P. 1925(b)(2) and (3), the [c]ourt entered an order on January 22, 2018, directing the filing of a Statement of Errors Complained of on Appeal, not later than twenty-one (21) days after entry of the order.

On February 11, 2018, Appellant filed a timely Statement of Errors Complained of on Appeal.

Trial Court Opinion (TCO), 2/14/18, at 1-2 (footnote omitted). The trial court filed its Rule 1925(a) opinion on February 14, 2018.

Herein, Appellant states the following two issues for our review:

[I.] Did the trial court err and/or abuse its discretion when it denied [Appellant's] pre-sentence motion seeking to withdraw his *nolo contendere* plea where the Commonwealth did not establish that it would suffer any prejudice as a result of the withdrawal of the plea?

- 2 -

[II.] Is the sentence imposed unduly harsh and excessive, where the sentencing court failed to take into account all relevant and necessary factors to [b]e considered by a sentencing court, and/or based the sentence upon factors or evidence which should not be relied upon by a sentencing court, and confinement in a state correctional facility for the term imposed is not the least restrictive sentence necessary to effectuate the aims of the Pennsylvania sentencing laws?

Appellant's Brief at 5.

Appellant first contends that the trial court erred by not permitting him to withdraw his plea of *nolo contendere* prior to sentencing. At the outset, we must address the trial court's determination that Appellant waived this claim. According to the court,

[a]t the time of sentencing, counsel for Appellant stated that he had just met with Appellant, who wished to withdraw his [*nolo contendere*] plea. No basis for withdrawal was offered. Counsel did not seek a ruling on the issue and it was not raised in post-sentence motions, in court during the hearing on the post-sentence motion for reconsideration [of sentence], during allocution at the time of sentencing or on reconsideration, or in either the *pro se* or counseled PCRA petitions.

TCO at 6.

Our review of the record compels us to agree with the court's waiver decision. At the outset of Appellant's April 13, 2015 sentencing hearing, defense counsel stated that Appellant was "interested in withdrawing his … plea[,]" and counsel asked the court for "a couple of days to file the appropriate paperwork." N.T. Sentencing, 4/13/15, at 2. When court asked for a response from the Commonwealth, the discussion turned to the issue of whether Appellant's bail should be revoked. *See id.* at 2-32. At no point during the arguments or evidence regarding Appellant's bail did defense

counsel return to the issue of Appellant's withdrawing his plea. Additionally, when the court ruled on the Commonwealth's motion and revoked Appellant's bail, the following exchange occurred:

> THE COURT: Thank you. [Appellant's] bail is revoked. We are here for sentencing. What I'm told by [defense counsel] is that [Appellant] wishes to withdraw his plea. Does he wish to withdraw his plea, yes or no?
>
> [Defense Counsel]: Yes, Your Honor.
>
> THE COURT: Are we ready to proceed to sentencing?
>
> [Defense Counsel]: Sure.

*Id.* at 32.

It is unclear whether the court misheard defense counsel's answer, or simply ignored it. Notwithstanding, defense counsel made no attempt to obtain a ruling on Appellant's request to withdraw his plea but, instead, simply agreed to proceed to sentencing. Additionally, Appellant did not seek to withdraw his plea in his post-sentence motion or at the hearing on that motion. Thus, we must agree with the trial court that Appellant waived this claim for our review.

Appellant next contends that the court abused its discretion in imposing his sentence. According to Appellant, the court fashioned a term of incarceration that is "well above even the aggravated range set forth in the applicable sentencing guidelines" based on "unreliable, unsubstantiated, irrelevant, hearsay allegations." Appellant's Brief at 25. In particular, Appellant challenges the court's consideration of evidence, including the

testimony of two police officers, which the Commonwealth offered to demonstrate Appellant's "role in a drug trafficking organization." *Id.* at 43. The trial court summarized the at-issue evidence, as follows:

At the time of sentencing, the Commonwealth presented evidence that established Appellant was a member of the Water [B]oys drug organization, operating inside the Norman Blumberg Housing Project.

Police Officer William Forbes testified that he has been employed for 12 years in the 22nd Police District, which includes the Blumberg Housing Project, which was the scene of Appellant's arrest.[2] During the six years prior to Appellant's arrest, [Officer Forbes] spent a significant part of his work policing Blumberg and the Water [B]oys criminal organization that operates there. Four of those years were spent exclusively on the Water [B]oys. Appellant was a lieutenant in the Water [B]oys['] organization, having worked his way up from seller to overseer. Appellant associated with other members of the organization, including coming to court with one member. He was also involved in an episode of witness intimidation.

[2] According to Police Officer Brian Nolan, the arresting officer, the Blumberg projects are a violent area with a lot of shootings and a high [amount of] narcotics trade.

Police Officer Anthony Soliman testified that he was familiar with the Water [B]oy[s'] drug organization operating in Blumberg and that he had been involved in an investigation of the organization during the three years prior to the sentencing hearing. Officer Soliman testified that Appellant supplied and managed drug dealers and that he continued to do so from 2012 through the date of the hearing.

The Commonwealth also introduced photographs of Appellant, with several other persons who are members of the Water [B]oys who have been convicted on drug offenses.

TCO at 2-3 (citations to the record omitted).

Appellant insists that the officers' testimony, and the photographs admitted by the Commonwealth, pertained to criminal activities committed by

other individuals, and/or constituted unsubstantiated hearsay in regard to Appellant's involvement in the drug organization. Thus, he argues that it was impermissible for the court to consider that evidence in fashioning his sentence.

Before we may review the merits of Appellant's argument, we note that,

[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 912–13.

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant filed a timely notice of appeal, and the Commonwealth concedes that he preserved his sentencing challenge at the hearing on his post-sentence motion. **See** Commonwealth's Brief at 9 n.5. Additionally, Appellant includes a Rule 2119(f) statement in his appellate brief, and the Commonwealth does not dispute that Appellant has raised a substantial question for our review. **Id.** Accordingly, we will address the merits of Appellant's sentencing issue, applying the following standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

In contending that the trial court erred by considering the above-discussed evidence, Appellant contends that this case is analogous to *Commonwealth v. Karash*, 452 A.2d 528 (Pa. Super. 1982). There, in fashioning Karash's sentence, the trial court had considered local news stories reporting that Karash had escaped from custody and stolen a car during that escape. **Id.** at 529. In a very cursory analysis, our Court held that the trial court,

> should not have relied upon the television and newspaper stories in deciding [Karash's] sentence. [Karash] had not yet been tried

for the escape, and when asked about it before the lower court, he pleaded the fifth amendment. He therefore stood before the court presumably innocent of that crime. The court nevertheless stated that it "believed the information in the television and newspaper stories that [Karash] took a vehicle during the course of that escape to ride around in," and that that belief was "part of the [c]ourt's consideration in imposing this sentence." The court thereby denied [Karash's] right to the presumption of innocence, and, in sentencing him as though he had been proved guilty of escape, his right to due process.

*Id.* (brackets added in ***Karash*** omitted).

Appellant's case is distinguishable from ***Karash***. There, the trial court relied on information that had not been admitted into evidence (*i.e.*, television and newspaper reports); here, the trial court considered evidence presented by the Commonwealth (*i.e.*, the testimony of the police officers and photographs). While Appellant repeatedly contends that the officers' testimony was inadmissible because it was "unreliable, irrelevant, unsubstantiated, stale hearsay[,]" he offers no developed discussion to support that argument. Appellant's Brief at 56. For instance, Appellant does not identify what specific rule(s) of evidence were violated by the admission of the at-issue evidence, or cite any case law to support his allegation of inadmissibility.

Moreover, in ***Commonwealth v. P.L.S.***, 894 A.2d 120 (Pa. Super. 2006), this Court declared that, "the fact that a defendant is guilty of prior criminal conduct for which he escaped prosecution has long been an acceptable sentencing consideration." ***Id.*** at 130. Indeed,

[n]ot only does the caselaw authorize a sentencing court to consider unprosecuted criminal conduct, the sentencing guidelines

- 8 -

essentially mandate such consideration when a prior record score inadequately reflects a defendant's criminal background. In 204 Pa.Code § 303.5(d), Adequacy of the Prior Record Score, the sentencing guidelines provide that the court "may consider at sentencing previous convictions, juvenile adjudications or dispositions not counted in the calculation of the Prior Record Score, **in addition to other factors deemed appropriate by the court.**" (emphasis added).

*Id.* at 131. The *P.L.S.* panel cautioned, however, that criminal conduct "can be used as a sentencing factor only under tightly-prescribed circumstances when there is evidentiary proof linking the defendant to the conduct." *Id.* at 130.

Here, the Commonwealth presented evidentiary proof linking Appellant to the criminal conduct committed by the Water Boys' drug organization. Given this evidence, the trial court concluded that the guideline ranges applicable to Appellant "under-represented [his] criminal conduct and his propensity to commit crime[,] and that an upward departure from the guideline range was required to protect society." TCO at 6.[1] Given the record before us and the case law discussed herein, we discern no abuse of discretion in the court's sentencing decision.

Judgment of sentence affirmed.

---

[1] "Appellant's Sentencing Guidelines offense gravity score was 6, with a prior record score of 0, yielding a sentencing range of 3 to 12 months, plus or minus 6." TCO at 3.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/9/19</u>