J-S59044-19; J-S59045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| CLINTON ROBINSON | : | |
| Appellant | : | No. 69 EDA 2019 |

Appeal from the PCRA Order Entered December 5, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009387-2009

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| CLINTON ROBINSON | : | |
| Appellant | : | No. 327 EDA 2019 |

Appeal from the PCRA Order Entered January 17, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0509271-2003

BEFORE:  LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                     **FILED MARCH 03, 2020**

Clinton Robinson appeals from the orders denying his petitions for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Robinson claims that his due process rights were violated during his sentencing hearing due to prosecutorial misconduct and the trial court's

erroneous reliance on impermissible and inaccurate materials. He also avers that his counsel was ineffective. We affirm.

The lengthy factual and procedural history of this case, as gleaned from the certified record, is as follows. In 2003, Robinson had an altercation regarding gambling with Walter Smith, which culminated in Robinson firing multiple gunshots at Smith. Smith sustained a non-fatal wound to his hand, and Robinson's gunfire also struck a bystander, Margaret Thomas, who died from her injuries. Police initially charged Robinson with murder, and he ultimately pled guilty to voluntary manslaughter, aggravated assault, and related charges. As a result, in 2005, Robinson was sentenced to an aggregate term of two and a half to five years' imprisonment followed by five years of probation.

Robinson served the full five years in prison and while on probation was arrested for possession with intent to deliver a controlled substance ("PWID"). Robinson pleaded guilty to the PWID charge, and the Honorable Mary D. Colins sentenced him to 51 to 120 months' incarceration. Robinson's PWID conviction constituted a direct violation of his probation and therefore the Honorable Joan A. Brown conducted a violation of probation ("VOP") hearing and found him in violation.

At the VOP sentencing hearing on August 8, 2011 ("sentencing hearing"), Robinson testified, and his counsel made representations, regarding programs Robinson attended in prison and his close family ties in the community. N.T., 8/8/11, at 7-11. Further, Robinson's counsel recounted

that Robinson had been in custody for much of his adult life and as well as for an extended time as a juvenile. *Id.*

The Commonwealth in response discussed a Philadelphia Inquirer newspaper article entitled "Justice Delayed, Dismissed, and Denied." The article contained claims that an alleged friend of Robinson, Kareem Johnson, had shot and killed Walter Smith on Robinson's behalf because Smith intended to be a witness against Robinson at the trial for his shooting of the bystander. The Commonwealth stated:

> Mr. Smith…was ready, willing and able to testify against [Robinson] at the preliminary hearing. However, before that happened, [Robinson's] friend, a gentleman by the name of Kareem Johnson went out and took it upon himself to go and shoot Mr. Smith, and killed Mr. Smith before he could testify against [Robinson].
>
> As a result, Kareem Johnson was tried and convicted of first degree murder and sentenced to death.[1]
>
> [Robinson] because of the primary witness in this case had been shot and killed, was allowed to plead. . . to a period of 2 ½ to 5 followed by 5 years' probation on the charges that we just discussed. That was done because [the Commonwealth] quite simply had no other options. The primary witness and the complaining witness had been taken out by [Robinson] and his friends.

*Id.* at 11-12.

---

[1] As both Robinson and the Commonwealth note, this Court subsequently granted Johnson a new trial due to a discrepancy regarding DNA evidence. ***Commonwealth v. Johnson***, 927 EDA 2016 (Pa.Super. June 27, 2018). Robinson is seeking to avoid retrial and the matter is currently before our Supreme Court.

Along this line, the prosecutor also stated, in regards to some of Robinson's prior arrests, "I think importantly, your honor, some of the cases [Robinson] has been arrested but not convicted on, which isn't surprising given what happened to the witness on his manslaughter case." *Id.* at 15. The prosecutor went on to detail other alleged instances where Robinson had been arrested but not convicted of violent felonies. *Id.* Further, he explained that Robinson had been expelled from the public school system for behavioral problems and had been found guilty of his first violent offense at 16 years old. He also emphasized that Robinson resumed criminal activity within mere months after his release from prison for his manslaughter conviction. *Id.*

The prosecutor once again referenced the news article he previously raised in regards to a statement in the article, allegedly made by Robinson, where he declined to show remorse for killing the victim in his manslaughter case by stating "basically, I beat it." *Id.* at 16. Robinson's VOP counsel failed to object to any of the Prosecutor's comments or to the referenced news article. Instead, Robinson's VOP counsel simply urged the VOP court to decline to rehash past events but instead focus only on the current VOP violation. *Id.* at 16-17.

Immediately thereafter, the VOP court pronounced sentence and gave the following brief explanation: "Having heard the arguments of both counsel, and also, considering your past criminal history, Mr. Robinson. I'm going to revoke your sentence, and I'm going to sentence you to 10-to-20 years to run consecutive to whatever you're serving." *Id.* at 17.

Robinson's VOP counsel did not file any post-sentence motions or a direct appeal. In November 2011, Robinson filed timely PCRA petitions in both his PWID case and his manslaughter case, even though he was challenging only the VOP sentence in the manslaughter case. Robinson filed amended petitions in 2013 and two additional supplemental amended petitions in 2015. Ultimately, the PCRA court held an evidentiary hearing and orally granted his request for credit for time served. However, the court denied the remainder of Robinson's issues, which centered around his overarching contention that the VOP court had considered impermissible and inaccurate information when sentencing him on his VOP violation in 2011. The PCRA court concluded that "the violation of probation [sentence] was based on, according to Judge Brown's testimony on the notices, the ample criminal history of [Robinson]. And the fact that this was a direct violation." N.T., 6/5/18, at 101-102.

The PCRA court denied Robinson's petitions and Robinson timely appealed. The PCRA court did not file a responsive Pa.R.A.P. 1925(a) opinion because Judge Colins had retired. Robinson filed a motion to consolidate the cases, but this Court declined and instead instructed Robinson to file a single brief and reproduced record for both cases. Therefore, we address both cases in our instant memorandum.

Robinson raises the following issues on appeal:

> 1. Did the Commonwealth violate[] [Robinson's] due process rights by engaging in prosecutorial misconduct at his violation of probation hearing when it presented irrelevant, inadmissible, and inflammatory evidence and argument[?]

- 5 -

2. Did the sentencing court at [Robinson's] violation of probation sentencing violate[] [Robinson's] due process rights by considering impermissible factors and unreliable information when determining [Robinson's] sentence for the violation of probation[?]

3. Was prior counsel ineffective for their failure to object to the Commonwealth's improper argument and news media evidence, failure to move for consideration, and failure to appeal [Robinson's] VOP sentence ineffective assistance of counsel?

Robinson's Br. at 4.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *See Commonwealth v. Conway*, 14 A.3d 101, 108 (Pa.Super. 2011).

In his first two issues, Robinson contends that his due process rights were violated during his VOP sentencing hearing because the Commonwealth's arguments utilized impermissible and inaccurate materials and the VOP court relied on such material in fashioning Robinson's sentence. Robinson asserts that the prosecutor's comments implicating him in another murder constituted prosecutorial misconduct and thereby violated his due process rights.

Robinson waived his first issue in at least two ways. First, he could have raised it on direct appeal but failed to do so. *See* 42 Pa.C.S.A. § 9543(a)(3). In addition, Robinson's VOP counsel did not make any contemporaneous objections to the disputed comments. *See* Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on

appeal."); ***Commonwealth v. Arrington***, 86 A.3d 831, 854 (Pa. 2014) (finding challenge to prosecutor's argument waived due to defense counsel's failure to make a contemporaneous objection).

In his second issue, Robinson avers that the trial court violated due process by considering impermissible and inaccurate information when sentencing him for his probation violation. Robinson waived this issue as well. He could have raised this due process challenge on direct appeal and failed to do so. ***See*** 42 Pa.C.S.A. § 9543(a)(3). Also, Robinson's VOP counsel did not object during the sentencing hearing nor did he file a post-sentence motion challenging the discretionary aspects of his sentence. ***See Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*) ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (quoting ***Commonwealth v. Kittrell***, 19 A.3d 532, 538 (Pa.Super. 2011)).

In his third issue, Robinson argues that his VOP counsel was ineffective for failing to object to the prosecutor's comments implicating him in the murder of a witness and averring that he lacked remorse for his actions. Robinson points to VOP counsel's failure to object to the Philadelphia inquirer news article as evidence of VOP counsel's failure to object to inaccurate and impermissible information. He maintains that had his VOP counsel objected, "the sentencing court would certainly have imposed a shorter sentence than

the consecutive statutory maximum sentence" he received. Robinson's Br. at 22. To that end, Robinson also contends that his VOP counsel was ineffective for failing to file a motion for reconsideration or direct appeal from the VOP court's statutory maximum sentence of a consecutive 10 to 20 years of imprisonment.

There is a presumption that counsel is effective. *See Commonwealth v. Daniels*, 963 A.2d 409, 427 (Pa. 2009). To overcome this presumption, a petitioner must establish three things: (1) the underlying claim has arguable merit, (2) counsel had no reasonable strategic basis for his or her action or inaction, and (3) the petitioner has sustained prejudice. *See Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). Prejudice is established where the petitioner shows that "but for the act or omission in question, the proceeding's outcome would have been different." *See Commonwealth v. Small*, 980 A.2d 549, 559 (Pa. 2009).

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa.Super. 2010)*.* "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Id.* at 1283.

A sentence is not valid "if the record discloses that the sentencing court may have relied in whole or in part upon an impermissible consideration."

*Commonwealth v. Downing*, 990 A.2d 788, 793 (Pa.Super. 2010) (quoting *Commonwealth v. Karash*, 452 A.2d 528, 528-29 (Pa.Super. 1982)). Further, "the evidence upon which a sentencing court relies must be accurate" and "there must be evidentiary proof of the factor, upon which the court relied." *Id.* (citation omitted). A trial court's discretion in sentencing is not "unfettered," however, and "a defendant has the right to minimal safeguards to ensure that the sentencing court does not rely on factually erroneous information." *Commonwealth v. Rhodes*, 990 A.2d 732, 746 (Pa.Super. 2009) (quoting *Commonwealth v. Schwartz*, 418 A.2d 637, 640-41 (Pa.Super. 1980)). Nonetheless, a court is "ordinarily presumed to be capable of identifying and properly disregarding all but the most prejudicial and inflammatory evidence." *Commonwealth v. Penrod*, 578 A.2d 486, 491 (Pa.Super. 1990). Thus, a sentence is only invalid "if the record discloses that the sentencing court may have relied in whole or in part upon an impermissible consideration." *Karash*, 452 A.2d 528.

Robinson likens his case to that presented in *Karash*. There, the sentencing court explicitly stated that it was considering media reports that the defendant had attempted an escape. *Id.* at 529. This Court held that the sentencing court's reliance on the media reports constituted an abuse of discretion and therefore vacated the defendant's judgment of sentence. *Id. See also Commonwealth v. Schwartz*, 406 A.2d 573, 574 (Pa.Super. 1979) (vacating sentence where sentencing court noted consideration of a television program that had aired about the defendant).

In the case *sub judice*, we recognize that the Commonwealth's use of the Philadelphia Inquirer article was improper. ***See Karash***, 452 A.2d at 528-29; ***Schwartz***, 406 A.2d at 574. Thus, we conclude that the underlying claim had merit and we perceive no reasonable strategic basis for Robinson's VOP counsel not to object.

However, we do not think that counsel's failure to object resulted in the required prejudice. ***See Washington***, 927 A.2d at 594; ***Small***, 980 A.2d at 559. Unlike in ***Karash*** and ***Schwartz***, the VOP court in this case did not indicate that it considered any impermissible information when fashioning Robinson's sentence. Instead, the court only stated that it sentenced Robinson based on the "arguments of both counsel" and "his past criminal history." N.T., 8/8/11, at 17. Robinson undeniably had a significant criminal history.

Furthermore, Robinson's argument, unsupported by citation to any legal authority, that the length of his sentence itself established that the VOP court considered impermissible information, is unavailing. The court sentenced Robinson within legal limits, albeit at the statutory maximum, and Robinson did have a substantial history of criminal convictions. Thus, without more record evidence to the contrary, we cannot conclude that the sentencing court considered any improper or prejudicial information when sentencing Robinson. ***See Penrod***, 578 A.2d at 491; ***Karash***, 452 A.2d at 528-29.

Accordingly, we conclude that Robinson has failed to prove that his VOP counsel was ineffective. Therefore, Robinson's third issue on appeal also

warrants no relief and we affirm the PCRA court's denial of Robinson's PCRA petitions.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/3/20