491 A.2d 1371

**COMMONWEALTH of Pennsylvania**

**v.**

**Franklin D. SYPIN, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 25, 1984.

Filed April 19, 1985.

Carmela R.M. Presogna, Assistant Public Defender, Erie, for appellant.

Tim Lucas, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before SPAETH, President Judge, and BROSKY and OLSZEWSKI, JJ.

SPAETH, President Judge:

This appeal is from a judgment of sentence following pleas of guilty to involuntary deviate sexual intercourse and

corruption of minors. Appellant was sentenced to twelve and one-half to twenty-five years imprisonment. The charges to which appellant pleaded guilty arose out of an incident in which appellant engaged in sexual acts with a nine year old boy. On appeal appellant argues that the trial court abused its discretion at sentencing by considering factors that were not related to this case and by not stating adequate reasons for the sentence. We agree and therefore vacate the sentence and remand for resentencing.

–1–

In sentencing appellant the trial court stated:

As you know, there are thousands of kids, and I mean it's thousands of kids that disappear every year.

. . . .

Youngsters that no one ever sees or hears from again. Sometimes they're found dead; sometimes they're never found.

. . . .

And their problems result from men like you. . . . N.T. 9.

These statements require that the judgment of sentence be vacated and the case remanded for resentencing. Appellant was not charged in connection with the disappearance or death of any child. *See Commonwealth v. Bethea*, 474 Pa. 571, 379 A.2d 102 (1977) (sentence invalid if it appears that sentencing court may have relied on an impermissible consideration); *Commonwealth v. Stufflet*, 322 Pa.Super. 176, 469 A.2d 240 (1983) (improper reference to rape at sentencing when defendant not charged with rape); *Commonwealth v. Karash*, 306 Pa.Super. 229, 452 A.2d 528 (1982) (in sentencing defendant for burglary, court should not have referred to escape for which defendant had not been charged); *Commonwealth v. Cruz*, 265 Pa.Super. 474, 402 A.2d 536 (1979) (error for sentencing court to rely on unsubstantiated hearsay that defendant dealt in large quantities of drugs).

–2–

There is a second reason for vacation and remand. It involves the issue of whether the trial court, in sentencing appellant to prison, considered appellant's mental condition.

At the sentencing hearing counsel for appellant referred to a presentence investigation report. N.T. 6. The trial court did not make the report part of the record on appeal, but the Commonwealth has appended a copy of the report to its brief. The report describes appellant's "Past or Present Problem" as follows:

> The defendant has an extensive mental health/sexual presenting problem. Mr. Sypin has been hospitalized three different times at Warren State Hospital. His last hospitalization at Warren occurred in November of 1977. He was involuntarily committed ... while ... still incarcerated in the Erie County Prison. The course of treatment was pursued at Warren. Mr. Sypin was released from Warren in April of 1978. At that time he was discharged from Warren back to the Erie County Prison then paroled. At this time he was placed on intensive supervision. During the parole period, Mr. Sypin was referred to various Erie area mental health facilities for services and treatment. He continuously received antipsychotic medication from Hamot Mental Health. At this time, Mr. Sypin was on parole status for involuntary deviate sexual intercourse involving sexual activities with his eleven year old nephew.

The report then goes on to state that appellant "[d]uring his most recent incarceration" was under the care of Dr. David B. Paul, the Prison Psychiatrist. A letter from Dr. Paul, evaluating appellant, is attached to the report. The letter is dated January 21, 1983, less than a month before sentence was imposed, on February 14, 1983. In the letter Dr. Paul states that in January 1975, and again in April 1975, when at Warren State Hospital, appellant was diagnosed as suffering from "Schizophrenia, Chronic Undifferentiated Type," and that in August 1982, when at Hamot Mental Health, the diagnosis was "Schizophrenia, Chronic Paranoid

Type and Borderline I.Q." Dr. Paul states that his own impression of appellant is "Schizophrenia, Chronic Undifferentiated Type: Dull Normal Intelligence." In describing appellant's "Treatment Course," Dr. Paul states that appellant's "dependence on the Thorazine for anxiety control was such that he declined offers [to use] medications with a lesser tendency to produce blurred vision."

■ Appellant's counsel asked the sentencing judge to consider appellant's history of mental illness:

[T]here isn't much available in the system for rehabilitation, but there are hospitals, there are treatment facilities; and I would ask the Court in sentencing Mr. Sypin ... that he be sent to someplace within the system where he can get some kind of help, ... because not only will Mr. Sypin be assisted but the community will because there would be less likelihood that there would be a repetition of this type of activity.

N.T. 8.

However, the sentencing judge made no reference to appellant's history of mental illness; the judge only said that "they tried to work with you; you tried to help, I agree; but it didn't work," and that "I think it's like a disease of alcoholism; you can't do anything about it. You want help. You don't know how to get it. Nobody knows how to do it yet. Maybe someday there'll be an answer to that." N.T. 9. Nowhere did the judge explain, either what "it" referred to, or why he was ordering appellant confined to a prison instead of a mental hospital.

The first responsibility of the sentencing judge is a fact-finding responsibility; the judge must be sure that he has before him "sufficient information to enable him to make a determination of the circumstances of the offense and the character of the defendant." *Commonwealth v. Doyle,* 275 Pa.Super. 373, 418 A.2d 1336, 1340 (1979) *citing Commonwealth v. Wicks,* [265 Pa.Super. 305, 401 A.2d 1223 (1979)]. The second responsibility of the sentencing judge is an application-and-explanation responsibility; the judge must apply to the information he has gathered the statutory guidelines specified in the Sen-

tencing Code, Act of Dec. 30, 1974, P.L. 1052, No. 345, § 1, 18 Pa.C.S. § 1321 *et seq.* (Supp.1977), and then explain on the record how that application has resulted in the sentence imposed. *Commonwealth v. Doyle, supra* [275 Pa.Super.], at 383, 418 A.2d at 1341. *See Commonwealth v. Farrar,* 271 Pa.Super. 434, 447–453, 413 A.2d 1094, 1101–1104 [ (1979) ].

*Commonwealth v. Kostka,* 276 Pa.Super. 494, 509, 419 A.2d 566, 573–74 (1980) (SPAETH, J., concurring).

Here, the evidence that appellant suffers from chronic undifferentiated schizophrenia was uncontroverted, and might, therefore, have been found by the sentencing judge to represent "sufficient information to enable him to make a determination of . . . the character" of appellant. However, since the judge made no comment on that evidence, we cannot know whether he found it sufficient. In this regard, it may be noted that the presentence investigation report makes no recommendation on how appellant should be sentenced; also, Dr. Paul's letter contains no prognosis. The sufficiency of the information before the sentencing judge is therefore not apparent, and testimony from Dr. Paul might well have been helpful. Nor did the sentencing judge meet his responsibility of "apply[ing] the information he has gathered to the statutory guidelines specified in the sentencing code." Although, as just mentioned, the presentence investigation report makes no sentencing recommendation, the facts contained in the report strongly imply that incarceration in a mental institution should be considered. Yet the sentencing judge appears to have ignored that alternative; he at least makes no reference to it.

We are unable on this record to say that appellant should have been sentenced to a mental institution. There is no doubt that he should be totally confined somewhere. However, the sentencing record does not support the judgment sentencing him to prison.

–3–

In addition to vacating and remanding, we order that the resentencing proceeding be conducted by another trial

judge. The statements made by the judge who imposed the sentence under review are such as to raise a reasonable question regarding the judge's impartiality. *See Commonwealth v. Darush,* 501 Pa. 15, 459 A.2d 727 (1983).

The judgment of sentence is vacated and the case remanded for resentencing before another trial judge.

OLSZEWSKI, J., files a concurring and dissenting statement.

OLSZEWSKI, Judge, concurring and dissenting:

While I agree that the matter must be remanded for resentencing, I see no reason to order resentencing before another judge.