COMMONWEALTH of Pennsylvania, Appellee

v.

**Vermaine TURNER, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 19, 2012.
Filed Dec. 21, 2012.

William J. Hathaway, Erie, for appellant.

John H. Daneri, Assistant District Attorney, Erie, for Commonwealth, appellee.

BEFORE: SHOGAN, OTT and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

This case is an appeal from the order denying Appellant's petition under the Post Conviction Relief Act ("PCRA"). Appellant contends his sentence is illegal. We affirm the order.

While executing a search warrant on the residence where Appellant was staying, police found three grams of heroin. The police located Appellant standing next to a bed in which he and his paramour had been sleeping. Roughly an arm's length from Appellant, a gun was in a holster hanging from one of the bedposts. Testimony indicated that the gun was Appellant's and that he kept it in the residence for protection.

With respect to the aforementioned heroin and gun, the Commonwealth charged Appellant with possession of a controlled substance ("possession"), possession of a controlled substance with intent to deliver ("PWID") and persons not to possess a firearm. The Commonwealth also charged him with possession of drug paraphernalia ("paraphernalia") in connection with various items police apparently found in the home. Appellant eventually pled guilty to possession and PWID. In return for Appellant's agreement to plead guilty, the Commonwealth disposed of the paraphernalia and firearm charges by *nolle prosequi*.

At Appellant's sentencing hearing, the court determined Appellant possessed a firearm during the PWID offense. Reasoning that gun possession during a PWID offense triggers a mandatory minimum term of five years' incarceration under 42 Pa.C.S.A. § 9712.1, the court sentenced Appellant to imprisonment of not less seventy-two and not more than one hundred forty-four months. As a result of a post-sentence motion filed by Appellant, the court later reduced his penalty to not less than sixty-six and not more than one hundred thirty-two months. Once again, that sentence included a mandatory minimum term of five years. Appellant did not take a direct appeal.

Later, Appellant filed a PCRA petition. The court appointed counsel. Appellant's PCRA claim was that his sentence is illegal. Proceeding under Pa.R.Crim.P. 907, the court issued notice of its intent to dismiss the PCRA petition without a hearing. Appellant filed a response to the notice. Thereafter, the court denied PCRA relief without a hearing. Appellant filed this appeal.

---

* Retired Senior Judge assigned to the Superior Court.

■ Appellant argues that, because the Commonwealth *nolle prossed* the firearm charge, it was illegal to impose the mandatory minimum term due to his possession of a firearm. In support of his argument, he points to *Commonwealth v. Stewart*, 867 A.2d 589 (Pa.Super.2005). In that case, this Court indicated a sentencing court abuses its discretion when it increases a sentence based on charges that have been *nolle prossed* as part of a plea agreement. *Id.* at 593.[1] For the following reasons, Appellant's claim fails.

A person convicted of PWID is subject to a mandatory minimum term of five years' incarceration if, at the time of the PWID offense, the person or the person's accomplice possessed or controlled a firearm. 42 Pa.C.S.A. § 9712.1(a).

After giving proper notice of its intent to dismiss a PCRA petition, a court may dismiss the petition without a hearing if, based on the record and the petition, there are no genuine issues of material fact, no purpose would be served by further proceedings, and the petitioner is not entitled to PCRA relief. Pa.R.Crim.P. 907(1).

■ Our standard for reviewing PCRA orders is to determine whether the court's rulings are supported by the record and free of legal error. *Commonwealth v. Bennett*, 19 A.3d 541, 543 (Pa.Super.2011). It is an appellant's burden to persuade us that the PCRA court erred and that relief is due. *Id.*

The instant sentencing statute, 42 Pa. C.S.A. § 9712.1, does not make conviction of a firearm offense a prerequisite to the imposition of the mandatory minimum term in question. Similarly, nothing in the statute suggests that, if an attendant fire-arm charge is dismissed or withdrawn, the statute is somehow rendered inapplicable. Additionally, the *nolle prosequi* of the firearm charge in this case did not in any way destroy the factual predicate of gun possession/control needed to trigger Section 9712.1(a). To the contrary, proof of Appellant's possession and control of the gun was presented by virtue of the facts recited/offered during his plea and sentencing hearings. It was proper for the court to consider such proof when deciding the applicability of the mandatory minimum term. *See* 42 Pa.C.S.A. § 9712.1(c).

■ Several remarks are in order regarding Appellant's reliance on *Stewart*. First, that case dealt with an issue of sentencing discretion rather than sentencing legality. Thus, even if the facts of the present case were on point with those in *Stewart*, it is not clear that *Stewart* would render Appellant's sentence illegal. Nevertheless, we recognize that Appellant's overall claim is that his sentence is unlawful. Such claims are cognizable under the PCRA. *Commonwealth v. Stemple*, 940 A.2d 504, 507 (Pa.Super.2008). As such, we have considered Appellant's argument, despite his reliance on a case discussing discretionary sentencing.

In any event, the present matter is factually distinguishable from *Stewart*. Unlike in *Stewart*, it is plain to us in this case that the sentencing court did not penalize Appellant because of an offense or offenses that had been *nolle prossed*. Rather, the instant court made a factual, record-based finding that Appellant possessed a gun while committing PWID. The court then applied Section 9712.1(a), as the court was required to do. Appellant's contrary position is meritless.

---

1. While it was clear that the *Stewart* sentencing court had considered several *nolle-prossed* charges, it was not clear to us whether the court's consideration thereof had, in fact, led the court to increase the sentence the court would have otherwise imposed. We vacated the appellant's sentence and remanded the case for appropriate resentencing. *Id.*

In light of our foregoing analysis, Appellant has failed to persuade us that there were any genuine issues of material fact before the PCRA court, that any purpose would have been served by further PCRA proceedings, and/or that Appellant was entitled to PCRA relief. As such, we find no factual or legal error by the court in dismissing the PCRA petition without a hearing. Thus, we affirm the PCRA court's order.

Order affirmed.

Judge OTT concurs in the result.