J-A04020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KEVIN LONERGAN | : | |
| | : | |
| Appellant | : | No. 1004 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 24, 2020
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0004920-2018

BEFORE:   STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                    **FILED:  MARCH 19, 2021**

Appellant, Kevin Lonergan, appeals from the judgment of sentence entered in the Lehigh County Court of Common Pleas, following his open guilty plea to indecent assault.[1]  We affirm.

The relevant facts and procedural history of this case are as follows:

> On June 11, 2018, a minor who was referred to throughout the proceedings as "Jane Doe," indicated that [Appellant] had inappropriate sexual contact with her.  At the time of the incidents, [Appellant] was employed as a priest for the Diocese of Allentown.  Initially, Jane Doe had met [Appellant] while assisting at Mass.  However, she later received inappropriate messages, including pictures, from [Appellant] via social media.  One of those messages included a video of [Appellant] masturbating in... a shower to the point of ejaculation.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3126(a)(1).

Jane Doe was assisting at Mass in February of 2018, when [Appellant] found her putting something away in the back room. [Appellant] proceeded to hug Jane Doe and slid his hand down to her buttocks, proceeding to grab them. During this same incident, [Appellant] pushed his erect penis against Jane Doe.

Later during the [g]uilty [p]lea [h]earing, [the prosecutor], explained on the record that [Appellant] would be pleading guilty to one count of [i]ndecent [a]ssault. He also explained that "This will be an open plea and the sentence will be up to the [c]ourt[.]" [Defense counsel] expressed on the record that [the prosecutor's] explanation of the plea agreement was consistent with his understanding.

Additionally, the [c]ourt explained during the oral colloquy that a conviction of [i]ndecent [a]ssault "could carry with it up to two years in jail[.]" [Appellant] expressed that [his counsel] had explained the sentencing guidelines to him, that it was his choice to plead guilty, that no one had forced or threatened him to enter the plea, and that no additional promises were made to him that were not covered by the [c]ourt's colloquy.

[Appellant]'s [s]entencing [h]earing was held on February 24, 2020. Jane Doe, along with her father and mother, testified as to how the incidents have affected their lives. They all agreed that their faith and livelihoods had been shaken by [Appellant]'s actions. Further, they worry how the incidents will affect Jane Doe's future relationships. Although Jane Doe and her family were in agreement with the charge that [Appellant pled] guilty to, they requested that he receive a prison sentence and be kept away from children and adolescents in the future.

The [c]ourt imposed the maximum sentence of [one to two] years of incarceration in a state correctional facility. The reasons for imposing this sentence are "the position of trust that... this [Appellant] was in with this victim. The victim was particularly vulnerable because... of the relationship. [Appellant] is a priest."

(**See** Trial Court Opinion, filed June 18, 2020, at 1-2) (internal citations

omitted).

Appellant timely filed a post-sentence motion on March 4, 2020. On March 18, 2020, the court denied Appellant's motion. That same day, Appellant timely filed a notice of appeal.[2] On April 30, 2020, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On May 19, 2020, Appellant timely filed his concise statement.

Appellant raises four issues for our review:

> Did the sentencing court err, abuse its discretion, and violate the sentencing code in imposing the maximum possible sentence on [Appellant] where such sentence was the result of the court's consideration of an improper sentencing factor, namely an unverified, unsubstantiated allegation of prior sexual misconduct for which there was no actual supporting evidence?
>
> Did the sentencing court err, abuse its discretion, and violate the sentencing code in imposing the maximum possible sentence on [Appellant] where such sentence was the result of the court's consideration of an improper sentencing factor, namely the suggestion that he was "showing up" in places where the victim was located, despite the fact that such conduct, even if true, was lawful, legal and did not result in any criminal charges being lodged against him?
>
> Did the sentencing court err, abuse its discretion, and violate the sentencing code in imposing the maximum

_____

[2] Appellant purported to appeal from the court's order denying his post-sentence motion. However, "[i]n a criminal action, [the] appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." **Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa.Super. 2001) (*en banc*), *appeal denied*, 569 Pa. 681, 800 A.2d 932 (2002). We have corrected the caption accordingly.

- 3 -

possible sentence on [Appellant] where it was the result of the court's consideration of conduct for which [Appellant] was not convicted and did not plead guilty, specifically conduct associated with the *nolle prossed* charge in this case?

Did the sentencing court err, abuse its discretion, and violate the sentencing code in imposing the maximum possible sentence on [Appellant] where such sentence was manifestly excessive and unreasonable, failed to consider appropriate mitigating factors, and failed to avoid sentencing disparities?

(Appellant's Brief at 5-6).

Appellant's first three issues are intertwined, and we address them together. Appellant claims the sentencing court abused its discretion because it considered improper sentencing factors, namely, 1) a prior accusation of Appellant's inappropriate sexual contact with a minor that had been mentioned in the pre-sentence investigation "PSI" report;[3] 2) the suggestion that Appellant was "showing up" in places where the victim was located despite the fact that this conduct did not result in charges against him; and 3) conduct related to a *nolle prossed* charge against Appellant. (**See id.** at 27-38). Appellant argues the court indicated at a status conference in

_____

[3] Specifically, the court asked the victim's father whether he was aware of Appellant's transfer to another diocese following a similar incident to the incident in the case at the bar, and also noted that Appellant had been previously transferred from another diocese. (**See** N.T. Sentencing, 2/24/20, at 9, 39). The incident was included in the PSI report, and Appellant did not object to the court's questioning or statements. (**Id.**). In his post-sentence motion, however, Appellant argued that he had never been charged with any offense in connection with the earlier incident, let alone convicted. (**See** Post Sentence Motion, 3/4/20, at 3-4).

November of 2019, that it was comfortable with a minimum term of imprisonment of only one and one-half months. (*Id.* at 28). Appellant asserts that the court was aware at that time that Appellant was a priest in a position of trust with the victim. Consequently, Appellant insists the court had no reason for subsequently imposing a lengthier prison sentence, unless the court had considered improper factors. (*Id.* at 29). Appellant highlights that the court mentioned the prior allegations, Appellant's conduct after the assault, and images and videos that Appellant allegedly sent to the victim at the sentencing hearing. (*Id.* at 29-30, 35, 39). Appellant concludes the record demonstrates that the court sentenced Appellant based on improper factors, and this Court must vacate and remand for resentencing.

As presented, Appellant's claims challenge the discretionary aspects of his sentence. *See Commonwealth v. Bowen*, 975 A.2d 1120, 1122 (Pa.Super. 2009) (explaining claim that court considered improper factors in fashioning sentence in aggravated range implicates discretionary aspects of sentencing). Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether

there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a timely-filed post-sentence motion. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases." ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa.Super. 2008) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when

the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 913 (quoting **Commonwealth v. Brown**, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)).

A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. **Mouzon, supra** at 430, 812 A.2d at 624. However, bald allegations of excessiveness do not raise a substantial question; a substantial question will be found "only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process…" **Id.** at 435, 812 A.2d at 627. An allegation that the court considered improper sentencing factors presents a substantial question. **Bowen, supra** at 1122.

Here, Appellant preserved his first three sentencing challenges by timely filing his notice of appeal, raising his issues in a timely post-sentence motion and in his Rule 1925(b) statement, and including in his brief an appropriate Rule 2119(f) statement. Further, his contentions that the court considered improper sentencing factors raises a substantial question. **See id.**

Accordingly, we will consider the merits of these claims.

This Court has explained:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa.Super. 2006).

This Court has previously observed that prior uncharged criminal conduct can be considered for sentencing purposes under certain limited circumstances. *Commonwealth v. P.L.S.*, 894 A.2d 120, 128 (Pa.Super. 2006). "[T]he fact that a defendant is guilty of prior criminal conduct for which he escaped prosecution has long been an acceptable sentencing consideration. However, this type of conduct can be used as a sentencing factor only under tightly-prescribed circumstances when there is evidentiary proof linking the defendant to the conduct." *Id.* at 130. This Court has historically rejected sentences where the trial court based the sentence on general, unsubstantiated statements regarding other crimes. *See Commonwealth v. Sypin*, 491 A.2d 1371, 1372 (Pa.Super. 1985) (vacating sentence where court referenced thousands of children who were kidnapped or murdered every year and defendant had not been charged or arrested in connection with death of child).

Instantly, at sentencing, the court stated:

> **THE COURT**: The facts are that you pushed your erect penis against a teenager in the Church. The facts are that in a four-week period you sent over 20 inappropriate images to this juvenile, including lots of images of your penis, and also a video of you masturbating in a shower to the point of ejaculation. I believe that was in the rectory.
>
> In your comments about what you did you said you didn't see her as particularly vulnerable. Let's see, you're a priest whose families have trusted you with their most precious children. You don't think they're vulnerable? That's an actual question.
>
> **[APPELLANT]**: I do believe they're vulnerable, Your Honor.
>
> **THE COURT**: Your comments about what happened that caused the church to transfer you here were that the girl, the 15-year old, had a crush on you. The accusations involved hands on molestation and, by [Appellant's] admission, were more serious in nature than the within matter. Never questioned by law enforcement. No charges. We transfer you.
>
> This practice of the Church has been—I believe it was the early 1980's that this stuff started first coming out.
>
> We are more than three decades from that and we're still transferring priests who molest children? There's plenty of blame to go around, most of it on your shoulders.
>
> **[APPELLANT]**: Yes, ma'am.
>
> **THE COURT**: I would say, had you not been transferred but rather sanctioned, fired, removed from the Church, this victim would not have been a victim.
>
> You have made families feel that church is no longer a safe place.
>
> You have divided your Church because there is no churchgoing person who should be supporting your actions.

Period. Or saying that you're not guilty. You are. You told everyone you were.

In addition, after you assaulted indecently this child, you made her further uncomfortable by being everywhere. She couldn't get away from you.

This is not a standard range sentence. This is not a standard case.

The sentence is: The costs, 1 to 2 years, State Prison, and you will be transferred immediately. Conditions—that is the maximum and you deserve it.

**The reason for the maximum sentence is the position of trust that this defendant was in with this victim. The victim was particularly vulnerable because of this offense -- I'm sorry -- because of the relationship. The defendant is a priest.**

(N.T. Sentencing, 2/24/20, at 38-40) (emphasis added).

In its opinion denying Appellant's post-sentence motion, the court noted that it did not consider anything other than the facts of this case in fashioning its sentence. (*See* Opinion in Support of Order Denying Post-Sentence Motions, 3/18/20, at 7-8). The court noted that unlike the non-precedential case Appellant cited in support of his arguments,[4] it had heard the victim's

_____

[4] *See Commonwealth v. Savage*, No. 1509 WDA 2017, 2018 WL 6629333 (Pa.Super. filed Dec. 19, 2018). In *Savage*, the defendant entered a guilty plea to various sexual offenses committed against children. A PSI report was prepared and it did not mention any allegations of prior sexual or criminal misconduct. At the sentencing hearing, the Commonwealth mentioned an allegation regarding the defendant's sexual misconduct with a younger cousin, without evidence or sources beyond a psychological assessment, and where the dates of the incident and age of the victim did not match the victim referenced at sentencing. As the Commonwealth provided no new information

- 10 -

testimony regarding the ongoing pain caused by Appellant's betrayal of trust. *Id.* As well, Appellant had not taken responsibility for his offense or sought psychological help until after his arrest. *Id.* The court also noted that Appellant's conduct in this case was not isolated. *Id.* The court reiterated that it considered only proper statutory factors in sentencing Appellant to the maximum term of imprisonment. *Id.*

> In its Pa.R.A.P. 1925(a) opinion, the court further stated:

> In this case, although the [c]ourt inquired about other incidents that were brought up at the [s]entencing [h]earing, the [c]ourt gave no indication that it was considering, nor did it consider the earlier incident or anything other than the facts of the case at bar when imposing [Appellant's] sentence.

> As to [Appellant's] second issue specifically, that the court suggested that [Appellant] was "'showing up' in places where the victim was located," the agreed[-]upon facts have made it clear that the single count of [i]ndecent [a]ssault did not stem from an isolated incident. [Appellant] had been harassing Jane Doe by sending nude pictures of himself via social media consistently for over a month even before he physically touched her. Jane Doe was further forced to continue seeing [Appellant] after these incidents through her roles at the church that she attended.

(Trial Court Opinion, 6/18/20, at 5-6).

_____

to substantiate the allegations in the PSI report, this Court ultimately concluded that the court abused its discretion in relying upon this incident when sentencing the defendant. *See id.*

We further note that only non-precedential decisions filed **after** May 1, 2019, may be cited for their persuasive value. *See* Pa.R.A.P. 126(b). *Savage* was filed on December 19, 2018 and, accordingly, Appellant cannot rely on it for precedential or persuasive value.

- 11 -

Here, the record supports the court's statements that it did not rely upon improper sentencing factors in fashioning its sentence. Although the court mentioned the prior incidents at sentencing because they had either been included in the PSI report or introduced as facts at the guilty plea hearing, the court made clear that its reason for imposing the maximum possible sentence was based on Appellant's abuse of his position of trust with the victim. (*See* N.T. Sentencing, 2/24/20, at 40). Significantly, Appellant cites no case law to suggest that the court's consideration of his position of trust was an improper sentencing factor. Under these circumstances, we cannot say the court abused its broad sentencing discretion. *See Shugars, supra*.

In his fourth issue, Appellant argues the court abused its discretion by imposing the maximum sentence because it was manifestly excessive and unreasonable, and the court failed to consider appropriate mitigating factors. (*See* Appellant's Brief at 41). Appellant notes that the Lehigh County Adult Probation Office recommended a sentence in the standard guideline range, but his sentence was quadruple the top of the standard guideline range and double the top of the aggravated guideline range. (*Id.* at 41-42).

Generally, bald allegations of excessiveness do not raise a substantial question warranting our review. *See Mouzon, supra*. Further, an allegation that a sentencing court failed to, or did not adequately consider certain factors, does not present a substantial question. *See Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa.Super. 1995), *appeal denied*, 544 Pa.

653, 676 A.2d 1195 (1996). Therefore, as presented, Appellant's fourth issue arguably fails to raise a substantial question.

Even if the claim does warrant appellate review, however, Appellant is not entitled to relief. With regard to Appellant's claim of excessiveness, the court noted:

> In the instant case, [Appellant] received the statutory maximum sentence for the offense to which he [pled] guilty. Unquestionably, the sentence imposed did **not** exceed the statutory limits. Further, [Appellant] entered an open plea and testified in [c]ourt that he was aware of the amount of time that the offense of [i]ndecent assault could subject him to. Therefore, [Appellant's] sentence must be evaluated to determine if it was "manifestly excessive." …
>
> \*    \*    \*
>
> In imposing [Appellant's] sentence, this Court considered the protection of the public, the gravity of the offense as it relates to the impact on the victim and the community, [Appellant's] rehabilitative needs, [Appellant's] acceptance of responsibility, [Appellant's] expressed remorse, [Appellant's] prior record or lack of thereof, [Appellant's] subsequent acts of self-improvement, [Appellant's] employment history and community ties, and the sentencing guidelines.

(Trial Court Opinion, 6/18/20, at 5-7) (internal citations omitted). We reiterate that the court had the benefit of a PSI report, so we can presume the court considered all relevant and mitigating factors. **_See Commonwealth v. Tirado_**, 870 A.2d 362, 366 n.6 (Pa.Super. 2005). Under these circumstances, we see no reason to disrupt the court's sentencing rationale. **_See Shugars, supra_**. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/19/21