J-S04041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONALD M. COOL | : | |
| | : | |
| Appellant | : | No. 1826 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 10, 2022
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001617-2021

BEFORE:  MURRAY, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED MARCH 16, 2023**

Donald M. Cool (Cool) appeals from the judgment of sentence imposed in the Court of Common Pleas of Monroe County (trial court) after he entered an open guilty plea to four counts of possession of a firearm prohibited,[1] that after the trial court sentenced him, it then granted the Commonwealth's motion for reconsideration of sentence.  He argues that the trial court was presumptively vindictive when it resentenced him to a greater maximum term of imprisonment because the new sentence was based on the same set of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 6105(a)(1).  The Commonwealth *nolle prossed* five additional counts of possession of a firearm prohibited and one count of possessing unlawful body armor (bullet proof vest), 18 Pa.C.S. § 907(c), in exchange for the plea.

facts as the original sentence and that it relied on impermissible factors. We affirm.

We take the following factual background and procedural history from the trial court's August 25, 2022 opinion and our independent review of the record.

**I.**

On March 3, 2021, police responded to a call at a residence in Mount Pocono, Pennsylvania. The caller advised that his roommate had allowed an individual to spend the night and the caller became concerned when he saw guns and a bullet proof vest that the individual had brought to the home.

On March 3, 2022, Cool pled guilty to four counts of possession of a firearm prohibited, fugitive from justice. (**See** Written Guilty Plea Colloquy, 3/03/22, at ¶ 4). The trial court ordered the preparation of a presentence investigation (PSI) report. On May 13, 2022, with the assistance of the PSI, the trial court sentenced Cool to an aggregate term of imprisonment of not less than twenty-four nor more than forty-eight months to be served consecutively to a Luzerne County sentence imposed at docket number 1612 of 2019 for his guilty plea to statutory sexual assault.

The Commonwealth filed a motion for reconsideration of sentence,[2] arguing that the seriousness of the offenses and the disturbing circumstances of the case required reconsideration. Specifically, the Commonwealth averred that Cool had plead guilty to felony 2 statutory sexual assault in Luzerne County for impregnating his fifteen-year-old cousin, was declared a sexually violent predator (SVP), and failed to appear for sentencing, instead fleeing to Mount Pocono Borough for another sexual encounter. (Commonwealth's Motion for Reconsideration of Sentence, 5/20/22, at ¶¶ 5-6, 9). According to the Commonwealth, the PSI[3] prepared in this case indicates Cool has a serious

_____

[2] "Well-settled Pennsylvania law permits the Commonwealth to pursue a correction, modification or increase in the originally imposed sentence because no sentence is final until the right of appellate review has been exhausted or waived." **Commonwealth v. Quinlan**, 639 A.2d 1235, 1239 (Pa. Super. 1994) (citations omitted); **see** Pa.R.Crim.P. 721(A)(1), (B) (Commonwealth may file motion to modify sentence within ten days after sentence's imposition).

[3] Although Cool's arguments involve the PSI and the claim that nothing new was presented at the reconsideration hearing, the trial court record reflects that he failed to ensure that the certified record provided to this Court contains the PSI or to order a transcript of the original May 13, 2022 sentencing hearing to enable us to compare it with the reconsideration hearing. It is well-settled that "an appellate court is limited to considering only the materials in the certified record when resolving an issue." **Commonwealth v. Preston**, 904 A.2d 1, 6 (Pa. Super. 2006), *appeal denied*, 916 A.2d 632 (Pa. 2007) (citation omitted). "Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." *Id.* (citation omitted); **see id.** at 7 ("any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review.") (citation omitted); Pa.R.A.P. 1911, 1931. Nor is it this Court's responsibility to scour the trial
*(Footnote Continued Next Page)*

psychiatric issue that involves sexual abuse. (***See id.*** at ¶ 10). When he was arrested at the Mount Pocono home, he had nine firearms, some of them loaded with a round in the chamber, ammunition, magazines for the guns and a bullet proof vest. (***See id.*** at ¶¶ 7-8). The grading of the offenses in this case were only charged as misdemeanors because sentencing on the felony 2 sexual assault had not yet occurred due to Cool having absconded from Luzerne County. (***See id.*** at ¶ 11). The Commonwealth stated that, "given the circumstances of this case, [Cool] poses a serious, grave danger to society [because] he is psychologically unstable, on the run with an arsenal of weapons and numerous magazine[s] of ammunition[,]" and the sentences he received on each count below the middle of the standard range are not appropriate in this case. (***Id.*** at ¶ 12); (***see id.*** at ¶¶ 13-14).

On June 10, 2022, the court held argument on the Commonwealth's motion at which it did not receive any new evidence. Although the court had

_____

court to unearth materials presented to the trial court but never made part of the certified record. ***See Preston***, 904 A.2d at 7-8.

However, Cool does not argue that the court misstates what the PSI contains, and the court does not maintain that it relied on new information that was not previously available to it. Although the PSI and May 13, 2022 sentencing transcript would enable a more thorough review, we decline to find waiver in the interest of judicial economy and rely on the representations of Cool and the court about what they contain.

the PSI and appended Sexual Offender Assessment Board (SOAB)[4] report at the time of the initial sentencing, in an effort to elucidate the court about Cool's character and need for increased supervision, the prosecutor argued about their specific contents. The prosecutor noted that this case does not involve any sexual offenses or sentences but stated that the SOAB report contained information about Cool that raised concerns about his character and circumstances for sentencing purposes in this matter. For example, the SOAB report noted his deceptive character, his psychological diagnosis of anti-social personality disorder, inconsistencies in his statement to probation officers in this case and to officers in the Luzerne County case, and his history of violence, including a previous conviction for terroristic threats and simple assault for attacking his mother's paramour and threatening to attack his mother with a hatchet. Cool's counsel objected to the prosecutor's mention of statements in the SOAB report made by Cool's statutory sexual assault victim about him threatening her with violence based on hearsay because he denied the threats in the same report. The court overruled the objection, stating that it regularly relies on such reports in sentencing. (**See** N.T. Reconsideration, 6/10/22, at 4-8).

_____

[4] The SOAB report was produced in Luzerne County and attached to the PSI in this matter (that was not provided to this Court). We rely on the testimony from the reconsideration hearing for what it contains because Cool does not argue that its contents were misrepresented.

According to the Commonwealth, the PSI reflected that Cool's statements to officers in this matter conflicted with those of his wife about such things as how long they had been together, who owned the guns found in his possession and why he was in the area, with her saying he was in Monroe County to avoid serving his Luzerne County sentence and him saying it was for a marital retreat. He lacked remorse for his past criminal actions with his fifteen-year-old cousin. Finally, in addition to the number of guns in his possession, the prosecutor mentioned that there was a "bulletproof vest with a loaded gun with one in the chamber attached to the vest[,]" to which Cool's counsel did not object or argue that it was an impermissible consideration where the related charge had been *nolle prossed*. (***Id.*** at 11); (***see id.*** at 10-14).

Cool's counsel argued that the court had the PSI and SOAB report at the original sentencing, so there was no new information to justify modifying the sentence. (***See id.*** at 15-16).

When resentencing, while the court kept the minimum sentence on each count the same (twenty-four months), it increased the back end from forty-eight to ninety-six months. It explained that although it had the PSI at the initial sentencing hearing, upon reconsideration, the four years of supervision was inadequate based on all the circumstances that had been brought to its attention. Instead, it believed that a longer period of parole supervision was appropriate. (***See id.*** at 16-18); (Trial Ct. Op., at 2-3) (pagination provided).

After the court denied Cool's motion for reconsideration, Cool timely appealed and filed a court-ordered statement of errors complained of. **See** Pa.R.A.P. 1925(b).

Cool raises four issues in which he alleges the trial court committed an abuse of discretion[5, 6] by: (1) reconsidering and increasing his sentence based on the same facts and information available at the time of the original sentence; (2) increasing his sentence based on current events; (3) considering unreliable hearsay testimony; and (4) considering facts

_____

[5] "Generally, a plea of guilty constitutes a waiver of all defects and defenses excepting the voluntariness of the plea, the jurisdiction of the court and the legality of the sentence." **Commonwealth v. Torres**, 223 A.3d 715, 717 n.3 (Pa. Super. 2019) (citation omitted). However, Cool can challenge the discretionary aspects of his sentence because he entered an open plea "without an agreement to the terms of the sentence." **Id.** (citation omitted).

[6] Our standard of review of a discretionary aspects of sentence challenge is well-settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Antidormi**, 84 A.3d 736, 760 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014) (citation omitted).

underlying charges that had been *nolle prossed* in exchange for the plea agreement. (**See** Cool's Brief, at 13).[7]

## II.

A challenge to the discretionary aspects of a sentence is not appealable as of right and is more properly considered a request for permission to appeal.

> Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [**see** Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements we will then proceed to decide the substantive merits of the case.

**Antidormi**, 84 A.3d at 759 (citation omitted) (brackets in original).

Cool has satisfied all the requirements for us to reach the substantive merits of his claims where the appeal is timely; he filed a motion for reconsideration of sentence, his brief includes a Rule 2119(f) statement with the reasons relied upon for appeal and he raises a substantial question. **See Commonwealth v. Ali**, 197 A.3d 742, 760 (Pa. Super. 2018), *appeal denied*, 207 A.3d 911 (Pa. 2019) (claim of vindictiveness in resentencing raises substantial question); **Commonwealth v. Bromley**, 862 A.2d 598, 605 (Pa. Super. 2004), *appeal denied*, 881 A.2d 818 (Pa. 2005), *cert. denied*, 546 U.S.

---

[7] The Commonwealth failed to file a brief in this matter.

1095 (2006) (claim that court relied on impermissible factors in sentencing raises a substantial question). Accordingly, we proceed to the merits of Cool's claims.

**A.**

Cool argues that the trial court abused its discretion when it relied on the same information available at the original sentencing hearing to resentence him to an increased term of incarceration. (*See* Cool's Brief, at 20-23). He maintains that this raises a presumption of vindictiveness that cannot be overcome because the increase was not based on new information. (*See id.*).

"The trial court, as a matter of law, has discretion to modify its own sentence in response to a Commonwealth Motion for Reconsideration of Sentence. However, any increase in sentence cannot be the result of judicial vindictiveness." *Commonwealth v. Bullock*, 170 A.3d 1109, 1125 (Pa. Super. 2017), *appeal denied*, 184 A.3d 944 (Pa. 2018) (citations omitted). "Generally, a presumption of vindictiveness arises if the court imposes a harsher sentence upon resentencing." *Commonwealth v. Watson*, 228 A.3d 928, 937 (Pa. Super. 2020) (citation omitted). However, the presumption of vindictiveness only arises "if a defendant establishes facts that demonstrate a probability that an adverse action by the … court has been motivated by vindictiveness in retaliation for successful exercise of a defendant's legal rights rather than for some other legitimate cause."

*Commonwealth v. Kane*, 188 A.3d 1217, 1229 (Pa. 2018), *appeal denied*, 197 A.3d 1180 (Pa. 2018) (citation omitted); *see Commonwealth v. Speight*, 854 A.2d 450, 455 (Pa. 2004) (A trial court "may not punish an appellant for exercising appellate rights."). "The key to whether a presumption of vindictiveness arises in a given case would be the factual circumstance in which the challenged action occurred." *Kane*, 188 A.3d at 1229 (citation omitted). A court can rebut any presumption if it places non-vindictive reasons on the record such as identifiable conduct that occurred after the original sentence or other "objective information or legitimate sentencing concerns that were not … considered by the trial court at the original sentencing hearing." *Id.* (citation omitted).

The presumption of vindictiveness does not apply to the circumstances of this matter. Although the court imposed a higher maximum sentence after resentencing, it did not do so in response to Cool successfully appealing or even after Cool successfully challenged the original judgment of sentence in a post-sentence motion. Instead, it entered the new sentence after the **Commonwealth** exercised its legal right to file a motion for reconsideration of sentence, not in retaliation for Cool doing so. Therefore, the presumption of vindictiveness is not applicable. *See Kane*, 188 A.3d at 1229.

Moreover, even assuming that it was, Cool would be due no relief on this issue. As stated previously, the Commonwealth had the legal right to file a motion for reconsideration of the sentence, and the court had the discretion

to modify its sentence based on information it failed to consider at the original sentencing hearing. *See Kane*, 188 A.3d at 1229; *Bullock*, 170 A.3d at 1125. The court explained its reasons for increasing the maximum term of the sentence at the June 10, 2022 reconsideration hearing and in its August 25, 2022 opinion.

At the hearing, the court explained that although it had the opportunity to view the PSI before imposing the original sentence, upon reconsideration of the PSI, this "is a disturbing case." (N.T. Reconsideration, at 16). The court noted the photographs attached to the PSI showing the number and type of firearms, with many of them loaded with bullets in the chamber. It drew attention to the fact that at the time he was arrested in this matter, there was a bench warrant for his failure to appear for sentencing in a sexual assault case in Luzerne County. (*See* N.T. Reconsideration, at 16-17). In its opinion it again explains:

> Instantly, we received the Commonwealth's Motion and at hearing determined that there were details in the [PSI] which we reconsidered. We considered that [Cool] absconded from Luzerne County where he was scheduled to be sentenced on serious sexual offenses to which he plead guilty and failed to appear for sentencing. After he fled from Luzerne County, he was located in Monroe County with nine firearms, some of which were loaded and he was in possession of a bullet proof vest. We considered [Cool]'s plea in this case and upon reconsideration, we believe that the sentence should be increased to an aggregate sentence of not less than 24 months nor more than 96 months in a state correctional institution. The sentences imposed were all within the standard guideline range and ordered to be served consecutively. In modifying the sentence, the [c]ourt felt a longer period of parole supervision was warranted under the circumstances.

(Trial Ct. Op., at 2-3) (pagination provided).

First, there is no evidence that the trial court was motivated by any vindictiveness in resentencing Cool, only by a fuller understanding of the facts. Moreover, even if the presumption of vindictiveness applied, the trial court rebutted any presumption by putting non-vindictive reasons on the record to support its modification of sentence. *See Kane*, 188 A.3d at 1229.

**B.**

Cool argues that the trial court abused its discretion when it relied on current events of mass shootings to support vacating his original sentence and imposing an increased one. (*See* Cool's Brief, at 24-25). Because he was not charged with any offenses related to the mass shootings, Cool maintains that consideration of their prevalence was impermissible. (*See id.* at 24-25).

Cool relies on *Commonwealth v. Sypin*, 491 A.2d 1371, 1372 (Pa. Super. 1985), in support of his argument. In *Sypin*, the defendant pled guilty to involuntary deviate sexual intercourse with a child and corruption of minors for his sexual abuse of a nine-year-old boy. *See Sypin*, 491 A.2d at 1372. In imposing sentence, the court stated: "As you know there are thousands of kids, and I mean thousands of kids that disappear every year. … Youngsters no one ever sees or hears from again. Sometimes they're found dead; sometimes they're never found. … And their problems result from men like you." *Id.* A panel of this court vacated the judgment of sentence, concluding the trial court relied on factors unrelated to the defendant's case. *See id.*

Here, Cool points to the trial court's statement that:

I mean the way things are going in society today it's not unusual to hear stories about people involved in shooting in public places. You know it's happening all over the place and here Mr. Cool is with an arsenal on a bench warrant for failure to appear for sentencing.

(N.T. Reconsideration, at 17).

Although the trial court made the general comment about guns and shootings, the court increased the back end of Cool's sentence based on considerations specific to him, including his absconding from justice, his psychiatric diagnosis and violent history. *See Commonwealth v. Walls*, 926 A.2d 957, 966 (Pa. 2007) (affirming judgment of sentence where, despite court's general comments about people who victimize young children, sentence was individualized to defendant). While the trial court mentioned recent mass shootings, which would not be an appropriate basis for modifying Cool's sentence, it was harmless error since it was made in passing and Cool was not prejudiced by it. *See Commonwealth v. Holt*, 273 A.3d 514, 540 (Pa. 2022).[8]

_____

[8] The harmless error doctrine applies where the error "did not prejudice the defendant or the prejudice was de minimis[.]" *Holt*, 273 A.3d at 540. "We may *sua sponte* invoke the harmless error doctrine as it does nothing more than affirm a valid judgment of sentence on an alternative basis." *Id.* (citation and internal quotation marks omitted).

- 13 -

## C.

Cool asserts that the trial court erred by admitting unreliable hearsay at sentencing to prove his violent nature. Specifically, he notes that the prosecutor mentioned an incident reported in his SOAB report in which the victim alleged that he threatened her with a firearm. (*See* Cool's Brief, at 27) (citing N.T. Reconsideration, at 5). He maintains that since he denied pointing a gun at the victim in the same assessment, the victim's hearsay statement should not have been considered since he had no opportunity to cross-examine her. (*See id.* at 27-28).

> [A] proceeding held to determine sentence is not a trial, and the court is not bound by the restrictive rules of evidence properly applicable to trials. *Commonwealth v. Orsino*, 197 Pa. Super. 306, 178 A.2d 843, 846 (Pa. Super. 1962) (sentencing court has wide latitude in considering facts, regardless of whether such facts are produced by witnesses who the court sees and hears). Rather, the court may receive any relevant information for the purposes of determining the proper penalty. … Although sentencing proceedings must comport with due process, the convicted defendant need not be accorded the entire panoply of criminal trial procedural rights.

*Commonwealth v. Medley*, 725 A.2d 1225, 1229 (Pa. Super. 1999), *appeal denied*, 749 A.2d 468 (Pa. 2000) (quotation marks and most citations omitted).

At the reconsideration hearing, to demonstrate Cool's past violent acts and threats, the prosecutor mentioned the fifteen-year-old Luzerne County victim's statements about Cool's alleged threats involving weapons, which were contained in the SOAB report. (*See* N.T. Reconsideration, at 5-6). The

court overruled defense counsel's hearsay objection because it regularly considers such reports in sentencing. (*See id.* at 6).

First, given that he had been determined to be an SVP based on that report, the trial court did not abuse its discretion in allowing the Commonwealth to argue about the victim's statements. *See Medley*, 725 A.2d at 1229. Moreover, even assuming *arguendo* that the court erred or abused its discretion, Cool has not proved that he was prejudiced. There is no evidence that the court considered the victim's statements in imposing Cool's sentence. As stated previously, the court expressly explained the reasons why it was increasing Cool's period of supervision, and they involved facts related to this case, not the Luzerne County victim's statements in the SOAB report.[9]

**D.**

Finally, relying on ***Commonwealth v. Stewart***, 867 A.2d 589, 593 (Pa. Super. 2005), Cool argues that the trial court abused its discretion because it

---

[9] Cool's reliance on ***Commonwealth v. Rhodes***, 990 A.2d 732 (Pa. Super. 2009) is wholly unpersuasive because it is distinguishable from the case at bar. ***Rhodes*** involved, in pertinent part, a trial court's express reliance on police reports it received *ex parte* that were almost entirely comprised of hearsay statements. The court "then drew factual inferences directly from those reports on the basis of which [it] imposed a sentence almost five times that recommended by the Commonwealth and only one to two years shy of the statutory maximum[.]" ***Rhodes***, 990 A.2d at 745. This is inapposite to the facts herein where there is no evidence that the court considered the victim's statements at all to impose the standard range sentence and only modified the back end of the sentence for supervision purposes.

- 15 -

reconsidered and then increased his sentence based on the *nolle prossed* unlawful body armor charge.

In ***Stewart***, this Court considered the issue of whether a defendant could be sentenced to an aggravated range sentence based on charges that had been *nolle prossed*. ***Stewart***, 867 A.2d at 591. In deciding the issue, the Court considered the competing maxims that, "when a court imposes its sentence, the court may consider a defendant's previous arrests and concurrent charges" and "a sentence cannot be enhanced for any offense other than the one to which the defendant pled guilty." ***Id.*** at 593. In Stewart's case, in imposing sentence, the court explained, in pertinent part, that "[t]his sentence is in the aggravated range because two counts of IDSI, which each [carries] a mandatory minimum of five years, have been *nolle prossed* as well as another count of statutory sexual assault." ***Id.*** (record citation omitted). Based on the specific circumstances, this Court observed that "a manifest abuse of discretion exists when a sentence is enhanced due to charges that have been *nolle prossed* as part of a plea agreement, because notions of fundamental fairness are violated." ***Id.*** (citation omitted).

Cases since ***Stewart*** have restricted this observation to the specific facts of that case. For example, in ***Commonwealth v. Tobin***, 89 A.3d 663, 667 (Pa. Super. 2014), we concluded that a trial court's reference to **facts** underlying the *nolle prossed* charges did not indicate that it was expressly considering the **charges** to formulate its sentence. Similarly in

- 16 -

*Commonwealth v. Turner*, 58 A.3d 845, 847 (Pa. Super. 2012), the crime of possession of a firearm was *nolle prossed.* At sentencing, the court made a factual finding that Turner possessed a firearm at the time he committed possession with intent to deliver, resulting in a mandatory term of imprisonment. We held that the court did not err because it did not penalize the defendant on the *nolle prossed* possession charge. *See Turner*, 58 A.3d at 847.

At the reconsideration hearing in this case, in an effort to elucidate the court about Cool's character and need for increased supervision, the prosecutor argued extensively about inconsistencies in Cool's statement in this case and in the Luzerne County litigation, his failure to appear at the Luzerne County sentencing hearing, psychological and sexual offender diagnoses in the SOAB report, his lack of remorse for the sexual relationship with his fifteen-year-old cousin, his previous convictions for assault and terroristic threats, the number of guns in his possession and mentioned that there was a "bulletproof vest with a loaded gun with one in the chamber attached to the vest."[10] (N.T. Reconsideration, at 11); (*see id.* at 3-14).

In imposing the new sentence, the court mentioned a laundry list of what was discovered in Cool's possession at the time of his arrest, including

---

[10] We again note that defense counsel did not object to the Commonwealth mentioning the bullet proof vest or argue that it was an improper consideration for the court. (*See* N.T. Reconsideration, at 15-16).

the fact that "[t]here was a bulletproof vest." (*Id.* at 16). However, there is no indication that the court considered the charge of unlawful possession of the bullet proof vest in fashioning its sentence. Contrary to Cool's argument that the court improperly considered this fact, there is absolutely no evidence that the court considered the charge and enhanced his sentence on this basis. *See Commonwealth v. Miller*, 965 A.2d 276, 280 (Pa. Super. 2009) (concluding court did not abuse its discretion in sentencing defendant where it carefully reviewed the PSI and other evidence and mere reference to facts underlying *nolle prossed* charge did not indicate that it specifically considered the charge and enhanced his sentence based thereon); *cf. Commonwealth v. Stewart*, 867 A.2d 589, 593 (Pa. Super. 2005) (trial court specifically indicated that it was sentencing appellant in aggravated range because of three counts that were *nolle* prossed).

In fact, as noted previously, the court only increased the back end of Cool's sentence to allow for increased supervision, which was not imposed for the charge of possessing the bullet proof vest.

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 3/16/2023*

- 18 -